JAMES IACONIO, APPELLANT, v. JOHN D'ANGELO AND JAMES P. D'ANGELO, RESPONDENTS.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Peter Hofstra* and *Meyer Lobsenz.*

For the respondents, *Coult & Sutz.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The infant plaintiff, six and a half years of age (as stated in both briefs), sued John D'Angelo, driver for, and James P. D'Angelo, owner of, an automobile which the plaintiff boarded and was riding, and was injured by being forcibly ejected therefrom. The case came on to be heard before Porter, C. C. J. At the close of the plaintiff's case counsel for the defendants moved for a nonsuit on the ground that the defendants showed that the infant plaintiff was a trespasser, and there was no evidence to show that the defendant, or his agents or servants, were guilty of any act of intentional wrong-doing, and on the further ground that the infant plaintiff was guilty of contributory negligence. After argument, the trial judge said he would grant the motion for a nonsuit because, as he understood the law, there must be an intent to do an injury, and he found no facts in the case from which the jury could find such intent, and allowed an exception to counsel for plaintiff. The infant plaintiff testified that he was nine years old on July 22d, 1927 (on the date of the accident he was six years, eight months and twenty-five days old); that about five o'clock in the afternoon of April 16th, 1925, he was on the sidewalk and saw John and Louis D'Angelo coming up in their car, and "then I hollered at John; I said, 'Give me a ride.' He didn't say nothing, so I got on the running-board." When he spoke, the automobile was going very slowly, and he got on and it started to go fast. He called out to stop, "And then I saw a hand come around and push me off." Asked whose hand it was, he answered, "John's." After he was pushed off he fell on his stomach and the wheels ran over his side. He also testified to his injuries and their duration. David Di Prosby testified that he saw the accident; that the automobile was going slow; that the boy got on and then the driver started to go faster and the boy yelled to stop, and John, who was driving, pushed the boy off the car.

It was admitted that John D'Angelo drove the truck for and on behalf of James P. D'Angelo, the owner.˙ The name "Louis" mentioned by the boy appears to have been a mistake.

This court decided in *Barry* v. *Borden Farm Products Co.*, 100 *N. J. L.* 106, that a motion for nonsuit, in effect, admits the truth of the evidence and every inference of fact that can be legitimately drawn therefrom which is favorable to the plaintiff, but (only) denies its sufficiency in law; and where such evidence or inference of fact would support a verdict for the plaintiff, such motion must de denied. See, also, *Hunke* v. *Hunke,* 103 *Id.* 645.

Willful or wanton injury can only be established by showing that one, with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result. *Staub* v. *Public Service Railway Co.,* 97 *N. J. L.* 297.

Now, it is perfectly obvious under the testimony that when the car slowed up the boy jumped on the running-board, that it was thereafter propelled quite fast, and when he called out to have it stopped, he was deliberately pushed off by the driver. In these circumstances there can be no other conclusion but that, by reckless indifference to consequences, the driver consciously and intentionally did the wrongful act of ejecting the boy from the car, where the latter appears to have been a trespasser, by deliberately pushing him off.

This court, in *Hoberg* v. *Collins, Lavery & Co.,* 80 *N. J. L.* 425, said (at *p.* 428), that to force a man from a rapidly moving railway train, it is well known, is to subject him to hazards, almost certain to result in loss of life or severe bodily harm. Such an act, therefore, if the conditions are known, is itself malicious and wrongful. And the driver of this auto car could not have helped knowing that to push this boy off a rapidly moving machine would result in injury to him, more or less serious. His conduct, undenied as it is, falls directly within the ruling of Hoberg *v.* Collins, Lavery & Co.

The judgment must be reversed and a *venire de novo* awarded.

In moving for the nonsuit one of the points made by defendants was that the infant plaintiff was guilty of contributory negligence. The judge did not make any deliverance on this question in his decision on the motion, but only determined the first ground, holding that there was no intent to do an injury, and the question is not argued here. But, as the case will have to be tried again, it is well to call the attention of counsel to the law on a subject that will present itself on the retrial, as was done in *Birtwistle* v. *Public Service Railway Co.*, 94 *N. J. L.* 407 (at *pp.* 410, 411).

On the question of contributory negligence by infants we said in *Rinaldi* v. *Levgar Structural Co.*, 97 *N. J. L.* 162, that the degree of care required of a child old enough to be capable of negligence, is such as is usually exercised by persons of similar age, judgment and experience, and in order to determine whether a child old enough to be capable of negligence, has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, its experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation, and, it is usually a question for the jury to determine, whether a child has been guilty of contributory negligence. See, also, *Hoberg* v. *Collins, Lavery & Co., supra* (at *p.* 431) ; *Altieri* v. *Public Service Railway Co.*, 101 *Id.* 241.

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.