JAMES IACONIO, BY HIS NEXT FRIEND, JULIA IACONIO, PLAINTIFF, v. JOHN D'ANGELO ET AL., DEFENDANTS.

Submitted January term, 1929—Decided May 8, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the rule, *Coult, Satz & Tomlinson.*

*Contra, Peter Hofstra* (*Meyer Lobsenz,* on the brief).

Per Curiam.

The plaintiff, six and one-half years old at the time of the accident, ten years old at the time of the trial, was injured on April 16th, 1925. The witnesses of the accident were: On behalf of the plaintiff, the plaintiff himself and another lad one year his senior; on behalf of the defendants, Louis D'Angelo and his brother, John D'Angelo (one of the defendants), a high school student, both of whom, Louis constantly and John after school hours, worked for the defendant James P. D'Angelo. The issue is whether the defendant John D'Angelo did an act of willful injury to the plaintiff in that he pushed him off the running board of an automobile truck while the truck was being driven rapidly. The trial judge so stated the issue and the jury found a verdict for the plaintiff. The matter comes up on the defendants' rule to show cause, grounding in the allegation that the verdict was contrary to the clear weight of the evidence.

The plaintiff testified that, uninvited, he got on the running board at the left side of the car driven by John D'Angelo while the car was going slowly, that "John started to go faster when I was on the running board so I told him to stop, and he didn't stop, so he pushed me off." The plaintiff subsequently testified that he did not actually see John reach out and push him, but that he (the plaintiff) was on the driver's side "and I felt it was John's hand." The other lad, David DiProsky, testifies that, when the plaintiff got on the running board of the truck, the truck was going slowly, that the car then went fast, and after this John, with his left hand, pushed him off.

Almost precisely that state of facts was presented to the Court of Errors and Appeals on the appeal following a nonsuit on the first trial of the same action, and the opinion (*Iaconio* v. *D'Angelo et al.,* 142 *Atl. Rep.* 46, opinion by Chancellor Walker), held: "Now, it is perfectly obvious under the testimony that when the car slowed up the boy jumped on the running board, that it was thereafter propelled quite fast, and when he called out to have it stopped he was deliberately pushed off by the driver. In these circum-

stances, there can be no other conclusion but that, by reckless indifference to consequences, the driver consciously and intentionally did the wrongful act of ejecting the boy from the car, where the latter appears to have been a trespasser, by deliberately pushing him off." It is true that no testimony had been presented by the defense at that time and also that the testimony adduced by the defense in the present trial presents an entirely different story; and it is argued by the defense that the evidence of the plaintiff Iaconio and of his witness DiProsky, because of their youth, is of trifling value. But the last mentioned evidence was of sufficient value to bring forth the opinion of the Court of Errors and Appeals just referred to. The trial court permitted these lads to testify; indeed counsel for the defense said in each instance he had no objection to their being sworn. There was no motion to strike their testimony. There was no motion directed toward a nonsuit or toward a direction of verdict. The court charged at length upon this branch of the testimony. In other words, the evidence given by these lads went to the jury without objection by the defense. The jury, having seen and heard these and the remaining witnesses, obviously reached the conclusion, in the sharp contradiction of evidence, that the plaintiff's version was correct.

We are unable, from the printed page, to say that the verdict is contrary to the clear weight of the evidence. As that was the only point raised in defendants' brief, the rule will be discharged, with costs.