JAMES MEADE, Jr., BY HIS NEXT FRIEND, JAMES MEADE, Sr., AND JAMES MEADE, Sr., INDIVIDUALLY, RESPONDENTS, v. PURITY BAKERIES CORPORATION, DEFENDANT, AND JOSEPH DECKMAN, APPELLANT.

Submitted October term, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *William K. Flanagan* (*George L. Sachs,* of counsel).

For the respondents, *Harry Weltchek.*

PER CURIAM.

The appeal is by the defendant from a judgment in favor of the plaintiff, a boy six years of age when the accident out of which the action grew, occurred. From the evidence adduced it appeared that while defendant's truck was parked in front of a store in Elizabeth, plaintiff, with another lad younger than himself, sat down on a step in the rear of the truck. Deckman, the driver, came out of the store and started his truck. He had gone but a short distance when the boys fell off and the plaintiff was injured.

While the driver of the truck denied that he saw the children there was ample evidence to the contrary, and the question presented is whether the starting of the truck under these circumstances and the consequent jolting of the children from it was such conduct as to create a right to action for the injuries sustained.

While the boys were trespassers on the truck, and the defendant owed them only an obligation to refrain from willful wrong, we think there was evidence that this standard of

duty under the circumstances was not observed. The boy was below the age of legal responsibility and equally perhaps unable to protect himself from injury if the truck were put in motion. This of course was obvious to the driver of the truck, and if, knowing of the presence of the boys on the step (as the judge sitting without a jury might properly find), he started the truck, it was open to the court to infer that such action constituted such disregard of their safety as to constitute legal willfulness. *Iaconto* v. *D'Angelo,* 104 *N. J. L.* 506; 142 *Atl. Rep.* 46.

The judgment in favor of the plaintiff was therefore free from legal error, and it is affirmed, with costs.