MICHAEL STAUB, IN HIS OWN RIGHT AND TO THE USE OF LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, APPELLANT, v. THE PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted December 5, 1921—Decided March 6, 1922.

1. Where a crossing was constructed over a private right of way and track of a railway company without the consent or permission of the company, and used without invitation, the users thereof are trespassers and the company is under no duty to warn such users of the approach of a car being operated over its right of way.

2. Willful or wanton injury can only be established by showing that one, with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result.

3. A railway company which by its motorman propels a car rapidly over its private right of way and without warning approaches a crossing constructed over said right of way without its consent or permission, and used without its invitation, is not guilty of willful or wanton injury if said car strikes and damages a truck using said crossing, although the company has knowledge that said crossing is being used and the view of a car approaching said crossing is somewhat obscured by shrubbery.

On appeal from the Supreme Court.

For the appellant, *Austin H. Swackhamer.*

For the respondent, *Lefferts S. Hoffman.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of nonsuit rendered in an action at law instituted in the Supreme Court and tried at the Gloucester Circuit. Michael Staub, in his own right and to the use of the Liverpool and London and Globe Insurance Company, sued the Public Ser-

vice Railway Company to recover damages arising from an accident in which his motor truck was struck by a car of the Public Service Railway Company. The car of the defendant was, at the time of the accident, being operated over a track located on its private right of way. The plaintiff was engaged in hauling gravel for the building of a road in Gloucester from a pit on a farm to which access was obtained from the public road by crossing over the private right of way and track of the defendant. When the defendant's line of electric railway was built a crossing had been constructed over the track and right of way about one hundred feet from the point where the accident occurred. Later, a crossing was constructed over the track and right of way at the place of the accident. When the plaintiff commenced to haul gravel from the pit the old planking was re-enforced. A motor truck and wagons were used to haul the gravel from the pit to the public road. The accident occurred in the morning. The driver of the truck was told that the truck which had been filled with gravel was ready to be moved. The engine of the truck was running. The driver testified that he looked up and down the track and saw no trolley car coming. He then stepped back a few feet to the truck, mounted it, and without further observation drove the truck on the track of the defendant. A car was approaching. It struck the truck and damaged it. The car gave no signal of its approach by bell or whistle and was proceeding rapidly. The crossing was obscured somewhat from view by shrubbery.

The trial court based its nonsuit upon the grounds that the crossing was not a public road and the defendant, therefore, not guilty of negligence in failing to give warning of the approach of its car; that in the use of this crossing the plaintiff was a trespasser; that the defendant owed no duty to a trespasser except to refrain from any wanton or willful injury, of which there was no evidence.

In directing the judgment of nonsuit on these grounds, we think the trial court ruled correctly. There is no evidence that the crossing where the accident occurred was a public highway. The evidence is to the contrary. It was located

by the owner of the gravel pit or his predecessor in title at the place most convenient for access to the pit from the public road. It was constructed over the right of way of the defendant without its consent or permission. It was used only by the owner of the pit or his licensees when hauling gravel. The fact that in the past there had been a crossing constructed approximately one hundred feet to the west to give access to the gravel pit afforded no warrant for the construction of the crossing in question. The crossing had none of the attributes of a public highway. The appellant also contends that it was a way of necessity. It undoubtedly was a way of convenience for the owner and his licensees, but a way of convenience is not a way of necessity. The testimony fails to disclose the essentials of such an implied easement over the defendant's right of way. But if it were a way of necessity this would not place upon the defendant the duty of using the precautions in approaching the crossing with a car required at a public highway. There was no invitation extended by the defendant to the plaintiff to cross its right of way and track to the gravel pit. The existence of the crossing, if it were known to the defendant and its use observed by its agents without remonstrance, places no liability upon the defendant. A mere passive acquiescence by an owner in a certain use of his land by others involves no liability. *Dieckman, Administrator,* v. *Delaware; Lackawanna and Western Railroad Co.,* 81 *N. J. L.* 460. The only duty which a landowner owes to a trespasser is to abstain from acts willfully injurious. *Tarlucki* v. *West Jersey and Seashore Railroad Co.,* 80 *Id.* 688. The users of the crossing were trespassers. The defendant was under no duty to give by whistle or bell warning of the approach of its cars to those who were as trespassers using the crossing.

The appellant further contends that the case should have been submitted to the jury, because the evidence discloses that the defendant's motorman was guilty of wanton and willful injury to the plaintiff's property. The appellant argues that the road operation required the use of many

trucks and teams for the hauling of gravel; that the defendant's servants were aware that these trucks and teams were passing over the crossing; that the crossing was obstructed by shrubbery so that one driving a truck could not obtain a view of the track towards the east until within a few feet of it; that with knowledge of these conditions a motorman who propelled his car rapidly towards the crossing without warning was guilty of inflicting a willful and wanton injury. This argument is specious. These facts do not constitute that intentional wrong-doing which amounts to willful or wanton injury.

To establish a willful or wanton injury it is necessary to show that one with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result. 29 *Cyc.* 509. There is no evidence in this case that the motorman of the car could see the truck upon the track and after such discovery with ample opportunity to stop his car before a collision would occur, deliberately failed to do so. There was therefore no evidence of willful or wanton injury which entitled the plaintiff to a submission of this question to the jury.

The judgment of nonsuit is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 16.

*For reversal*—None.