Hudson County Circuit Court.

GRACE E. EATLEY, PLAINTIFF, v. FRANK A. MAYER, DEFENDANT.

Decided March 11, 1931.

Brown, C. C. J. The defendant moves to strike from the amended complaint a claim for punitive damages on the ground that sufficient facts are not shown in the complaint or bill of particulars furnished to warrant a recovery of punitive damages.

The complaint alleges the defendant as a dentist who performed dental work for plaintiff and that "such work so done * * * was negligently, unskillfully, carelessly and with a wanton disregard for plaintiff's health and physical condition * * * performed." The complaint also contains charges of particular acts of commission and omission to support the general charge of negligence and "wanton disregard" of the rights of the plaintiff.

The bill of particulars refers to paragraph 3 of the amended complaint which contains all of the allegations of negligence above mentioned. The demand for particulars, among other things, demands a specification of acts of "gross" carelessness and negligence. There is a distinction between gross negligence and willful and wanton disregard

of the rights of others. Gross negligence does not support a charge for punitive damages, while a charge of willful and wanton disregard does support such a charge. The test is the intent with which the act is committed. *Rose* v. *Squires,* 101 *N. J. L.* 438; 128 *Atl. Rep.* 880; *affirmed,* 102 *N. J. L.* 449; 133 *Atl. Rep.* 488. Both the complaint and bill of particulars in the case at bar contain charges of willful and intentional injury. It is contended that the particulars furnished are acts of omission, and therefore cannot be willful and engendered with an intent to do wrong. The particulars contain acts of commission as well as acts of omission. Assuming that acts of omission alone were alleged, this would not of itself denote they were barren of intentional wrong or injury. A person may be intentional and willful in acts of omission as in acts of commission. Punitive damages may be awarded for failure to perform a manifest duty as well as for the negligent performance of an act which involves a breach of duty. 17 *C. J.* 988.

To constitute willfulness, there must be design, purpose, intent to do wrong and inflict injury. To constitute wantonness, the party doing the act, or failing to act, must be conscious of his conduct, and, without having the intent to injure, must be conscious, from his knowledge of existing circumstances and conditions, that his conduct will naturally and probably result in injury. 17 *C. J.* 984; *Staub* v. *Public Service,* 97 *N. J. L.* 297; 117 *Atl. Rep.* 48.

It is a general rule of pleading that it is not necessary to claim exemplary damages by name; it being sufficient if the facts alleged and the proof be such as to warrant their assessment. Malice should be alleged and shown. 8 *R. C. L.* 626.

The courts of our state have followed the rule that punitive damages spring from the wrongful motive of the defendant. *Haines* v. *Schultz,* 50 *N. J. L.* 481; 14 *Atl. Rep.* 488.

Where the act complained of involves malice or a wanton and reckless disregard of the rights of the person against whom the tortious act is committed, exemplary damages

may be recovered. *Hintz* v. *Roberts,* 98 *N. J. L.* 772; 121 *Atl. Rep.* 711.

If malice and willful injury cannot be shown, there can be no recovery of punitive damages in a malpractice case. *Smith et al.* v. *Corrigan,* 100 *N. J. L.* 267; 126 *Atl. Rep.* 680.

The right to award exemplary damages primarily rests upon the single ground—wrongful motive. *Dreimuller* v. *Rogow,* 93 *N. J. L.* 1; 107 *Atl. Rep.* 144.

The amended complaint in this cause is sufficient upon which to predicate a right to recover exemplary damages.

The motion to strike the amended complaint will be denied.