16 N.J. Super. 26 (1951)
83 A.2d 799
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEON S. DIAMOND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1951.
Decided October 22, 1951.
*29 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. John B. Molineux argued the cause for the plaintiff-respondent (Mr. Alex Eber, attorney).
Mr. Elmer O. Goodwin argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, J.A.D.
Defendant, Leon S. Diamond, appeals from a conviction upon an indictment charging him with death by automobile in violation of R.S. 2:138-9.
The defendant contends that the trial court erred in (1) refusing to grant his motions for judgment of acquittal, and (2) in refusing to charge the defendant's fourth request, reading:
"4. In arriving at your decision, you will consider whether or not the decedent, Harold Evans, was or was not negligent; and if, negligent, you may consider such acts of the decedent on the question as to whether death was due to criminal negligence on the part of the defendant Diamond, or to some other cause."
A summary of the facts will suffice. At approximately 2:30 P.M. on a bright, clear day in February, 1951, the defendant was operating his automobile alone in a southerly direction along Route 27, a four-lane concrete dual highway near Deans, in Middlesex County, following at a distance of about 70 feet another automobile, the driver of which was unknown. Some distance ahead and unknown to the defendant, the automobile of one Harold Evans was parked on the shoulder of the highway where a local garageman had jacked it up and had removed the right front wheel for the purpose of repairing a flat tire. Because of an embankment, Evans was not able to get his car completely off the paved portion of the highway, with the result that two feet of the left side remained on the highway. According to the defendant, the automobile which the defendant was following, without *30 warning, swerved sharply to the left. In an attempt to avoid the car ahead, defendant stated that he immediately pulled to the right and for the first time saw Evans' car about ten feet in front of him. The Evans car occupied about four feet of the paved portion of the highway. The right front of defendant's car crashed into the rear left of the Evans car, causing the death of Evans. Mrs. Evans testified that her husband was standing on the shoulder of the road, fixing the trunk of the car; that she heard the noise of an automobile travelling on the gravel shoulder of the road and observed that the defendant's automobile was coming "on the shoulder of the road," at that time "pretty far back" and "coming pretty fast"; that she saw no other car on the highway. As the collision occurred, Mrs. Evans turned her head momentarily and when she looked back she saw her husband on the embankment. The severe impact drove Evans' car forward a distance of approximately 90 feet. Evidence was adduced from other state witnesses, but we do not find it necessary to discuss it. The defendant's motions for a judgment of acquittal made at the conclusion of the State's case and at the end of the entire case were denied.
Generally, the negligence required to support a criminal charge for a death caused by the operation of an automobile is more than ordinary common law negligence and greater in degree than negligence to impose civil liability. 61 C.J.S., Motor Vehicles, sec. 659, pp. 771, 773, citing State v. Blaine, 104 N.J.L. 325 (E. & A. 1928). See also State v. Schutte, 87 N.J.L. 15 (Sup. Ct. 1915), affirmed 88 N.J.L. 396 (E. & A. 1916). Such negligence is often described as "gross" negligence, the word "gross" in this collocation implying an indifference to consequences. Wharton on Homicide (3d ed.), p. 681; 29 C.J. 1154, note 96 (c); State v. Blaine, supra. Gross negligence includes a "wanton and reckless disregard of the rights and safety of others." State v. Linarducci, 122 N.J.L. 137 (Sup. Ct. 1939); State v. Blaine, supra. Our courts make a distinction between gross negligence and willful and wanton disregard of *31 the rights and safety of others. To constitute willfulness, there must be design, purpose, intent to do wrong and inflict injury. To constitute wantonness, the party doing the act, or failing to act, must be conscious of his conduct, and, without having the intent to injure, must be conscious, from his knowledge of existing circumstances and conditions, that his conduct will naturally and probably result in injury. State v. Gooze, 14 N.J. Super. 277 (App. Div. 1951); Eatley v. Mayer, 9 N.J. Misc. 918 (Cir. Ct. 1931); affirmed 10 N.J. Misc. 219 (Sup. Ct. 1932). "* * * it is clear, as is said by Dr. Wharton, in his work on Criminal Law (section 1003), that, where death is the result of an occurrence unanticipated by the defendant, but which arose from his negligence or inattention, his criminal responsibility depends on whether or not the injury which caused the death was the regular, natural, and likely consequence of defendant's conduct. If it was, then the defendant is subject to indictment. If it was not, he cannot be properly charged with a penal offense." State v. Reitze, 86 N.J.L. 407 (Sup. Ct. 1914). Cf. State v. Hedinger, 126 N.J.L. 288 (Sup. Ct. 1941).

I
We are satisfied that the trial court did not err in denying the defendant's motions for acquittal. The State proved a prima facie case against the defendant and, at the conclusion of the entire case, a clear cut factual issue emerged that required its submission to the jury. The defendant contended that he was operating his automobile at less than the lawful rate of speed; that the proofs were not conclusive that it was his car that struck and killed the decedent; that he was operating his automobile in a lawful manner and attempting to avoid the car preceding him when it suddenly swerved to its left; and that the proximate cause of decedent's death was decedent's own negligence. However, all of these questions are factual and it was the sole prerogative of the jury to consider and resolve them. The course of conduct of the defendant in the operation of his automobile, as testified *32 to by Mrs. Evans, clearly raised the question as to whether the defendant had violated R.S. 39:4-96, reading as follows:
"A person who drives a vehicle on a highway carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of reckless driving. * * *"
It is the generally accepted rule that a mere violation of a provision of the Motor Vehicle Act is not conclusive of the guilt of the defendant; however, it is a circumstance that may be taken into consideration by the jury together with other evidence in the case in determining whether the defendant's operation of his automobile was in the careless and heedless manner proscribed by the statute and charged in the indictment. State v. Linarducci, supra.
"The fact that the automobile was exceeding the speed limit prescribed by the Motor Vehicle Act is not the controlling factor, but is only a circumstance to be considered in deciding whether or not the defendant was running his automobile at a rate of speed which, under the existing conditions, was obviously dangerous to pedestrians or others using the highway. A man who deliberately drives his car into a mass of people standing in the street looking at a baseball score board is guilty of assault and battery for running over some of them, although his automobile is traveling far below the speed limit, whereas, one driving on a lonely country road with no pedestrians on it in sight might be entirely guiltless of the crime of assault and battery for running over a child which suddenly darted from a concealed position by the highway, although the automobile at the time was exceeding the speed limit." State v. Schutte, supra, at pp. 396, 397.
As was stated in State v. Linarducci, supra:
"The function of determining whether the guilt of the accused has been established beyond a reasonable doubt rests with the jury, and the statutory authority thus to review the evidence was designed to correct injustice resulting from a plain and obvious failure of the jury to function within its allotted sphere. State v. Hauptmann, supra; State v. Karpowitz, 98 N.J.L. 546; State v. Woodworth, 121 Id. 78."
We conclude that the court's denial of the defendant's motions for acquittal was not erroneous.

*33 II
While contributory negligence of the deceased is not a defense in criminal actions, the conduct of the deceased may be material to the extent that it bears upon the proximate or actual cause of the death. State v. Kellow, 136 N.J.L. 1 (Sup. Ct. 1947), affirmed 136 N.J.L. 633 (E. & A. 1948). In the cases of State v. Blaine, supra; State v. Schutte, supra; State v. Linarducci, supra; State v. Reitze, supra; and State v. Hedinger, supra, the court discussed the distinction with which criminal negligence is characterized in cases analogous to that under review. Mr. Justice Bodine, speaking for our Court of Errors and Appeals in the case of State v. Oliver, 107 N.J.L. 319 (1930), said of the trial court's failure to admit testimony as to the acts of the decedent:
"This was error, because it precluded the presentation of evidence which might show that the proximate cause of the death was the fault of the deceased.

* * * * * * * *
`The conduct of the deceased, however, is material in a prosecution of this nature to the extent that it bears upon the negligence or wrongful conduct of the accused, or on the issue whether the conduct of the accused was the proximate cause of the death of the deceased. If the act of the accused was not the proximate cause of the death of the deceased, he cannot be convicted of manslaughter.'" (Huddy on Automobiles (8th ed.), sec. 925.)
Our examination of the court's charge reveals that there was no instruction that evidence of negligence on the part of the decedent was admissible and entitled to be considered on the question as to whether the death was due to criminal negligence on the part of the defendant or to some other cause. While we question the accuracy and the completeness of the language employed by the defendant in his fourth request, we are satisfied that he was entitled to have the court charge the legal principle involved therein. A more accurate statement of the rule is set forth in State v. Kellow, supra, at p. 4, to wit:
*34 "The rule, as we deduce it from State v. Elliott, 94 N.J.L. 76; State v. Oliver, 107 Id. 319, and the authorities relied upon in those decisions, is as follows: Contributory negligence by the decedent is not a defense as in civil damage suits; but evidence of negligence on the part of the decedent is admissible and is entitled to be considered on the question of whether the death was due to criminal negligence on the part of the defendant or to some other cause. If the defendant is shown beyond a reasonable doubt to have been guilty of the acts proscribed by the statute, resulting in the death, it matters not that the decedent would have escaped the fatal consequences had he, himself, not been negligent. The accused may not avoid the consequences of his own wrong by showing the negligence of the decedent."
The ends of justice required the court to charge the legal principle in question and the failure to do so affected defendant's substantial rights. See State v. Bulach, 10 N.J. Super. 107 (App. Div. 1950). As was stated by Judge Jacobs in State v. Kapelsohn, 9 N.J. Super. 177 (App. Div. 1950), at pp. 181, 182:
"The State contends that the omission in the charge was the proper subject of written request which should have been submitted in timely fashion under Rule 2:7-8. It must be borne in mind that since this procedural requirement was simply designed to facilitate the proper conduct of criminal proceedings, it ought not be considered invariable and should give way where justice so requires. See Rule 1:2-19. Cf. Lambert v. Trenton and Mercer County Traction Corp., 103 N.J.L. 23 (Sup. Ct. 1926); affirmed, 104 N.J.L. 175 (E. & A. 1927). It is true that, in the instant matter, no pertinent request to charge was submitted in conformity with the rule. However, counsel might reasonably have assumed that if the court referred to the statutory presumption it would, without specific request, instruct the jury as to its effect and immediately called the omission to the court's attention upon the close of the charge when a supplemental instruction might conveniently have been given. Cf. Hartwyk v. Shea, 114 N.J.L. 235, 237 (Sup. Ct. 1935). In the light of the circumstances and the evidence supporting the defendants' contention that their issuance of the $590 check, when their bank balance was only $579.42, was the result of mistake rather than fraud, we believe that the failure to supplement the charge was prejudicial and that the interests of justice require a new trial."
The judgment of conviction is reversed and the case is remanded for a new trial.