85 N.J. Super. 127 (1964)
204 A.2d 149
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARDAH L. DONLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1964.
Decided October 14, 1964.
*128 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Philip L. Lipman argued the cause for appellant.
Mr. N. Douglas Russell, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph Tuso, Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The Cumberland County grand jury returned a two-count indictment against defendant under N.J.S. 2A:113-9 which reads:
"Any person who causes the death of another by driving a vehicle carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, is guilty of a misdemeanor; but no record of a judgment or conviction hereunder shall be admissible in a civil action for damages arising out of the accident in which the death occurred."
The first count charged that defendant, by driving his automobile "carelessly and heedlessly in wanton disregard of the rights and safety of others * * * unlawfully and wantonly caused the death of Marie Vesper." (Italics ours) The second *129 count was in almost identical language, except that it charged willful disregard of the rights and safety of others. The jury found defendant not guilty on the second ("willful") count but could not reach a verdict with respect to the first ("wanton") count.
Defendant thereafter moved to dismiss the first count on the ground that he had been acquitted of the same offense by reason of the verdict on the "willful" count, and that a retrial on the "wanton" count would constitute double jeopardy. The motion was denied. We granted leave to appeal.
Defendant argues that separating the same offense into two component parts, and charging them as separate counts, is the very essence of double jeopardy. He points out that the two offenses charged arose out of a single incident; that "wanton" disregard of the rights and safety of others is a necessary ingredient of "willful" disregard, and that the State's proofs were indiscriminately addressed to both counts.
The State, on the other hand, contends that the two terms differ in meaning, and that there is a distinct element in the "willful" offense which is not included in the "wanton" charge, namely, the intent to do wrong and inflict injury. The fact that the State was unable to convince the jury that defendant was guilty of "willful" disregard of the rights or safety of others should not and does not, it is claimed, insulate him from being found guilty of wanton disregard in the operation of his automobile. The State insists that since "willful" and "wanton" are dissimilar and disjunctive terms, they may be pleaded in separate counts of an indictment, calling attention to the fact that this practice is recommended in 3 Schlosser, Criminal Laws of New Jersey (rev. ed. 1953), p. 1349, Forms 250 and 251, and that this type of pleading had been recognized in State v. Oliver, 37 N.J. Super. 379 (App. Div. 1955). That case was argued by the author of the text just cited. We find nothing in Judge Jayne's opinion which approves of the two-count practice (that point was not raised), and the case certainly did not deal with the issue of double jeopardy. The jury had found defendant guilty on the *130 first count of the indictment charging "wanton" disregard, and not guilty under the second count charging "willful" disregard. The court held the evidence was insufficient to sustain the conviction  nothing more.
We have found no case dealing directly with the question of double jeopardy, which lies at the heart of the resolution of the present appeal. Prior decisions have attempted definitions of the terms "willful" and "wanton," but in entirely different settings. To consider those definitions without relation to their factual settings carries the potential of error.
For example, in State v. Neri, 10 N.J. Super. 224 (Cty. Ct. 1950), defendant was indicted under R.S. 2:138-9, predecessor to the present statute. The charge was that he had caused the death of another  in the words of the statute  by driving his vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others." Defendant moved for judgment of acquittal at the close of the State's case. The county judge, after hearing the argument of counsel, determined that the State had failed to establish a prima facie case, and granted the motion. In the course of his oral opinion the judge noted that some reference had been made to "gross negligence" in the arguments on the motion. The judge observed that R.S. 2:138-9 did not use the term "gross negligence"; to sustain a conviction, the defendant would have to be found guilty of driving in a manner described by the statute. He then went on to say:
"It has been held by our courts that there is a distinction between gross negligence and willful and wanton disregard of the rights and safety of others. The test is the intent with which the act is committed. To constitute willfulness, there must be design, purpose, intent to do wrong and inflict injury. To constitute wantonness, the party doing the act, or failing to act, must be conscious of his conduct, and, without having the intent to injure, must be conscious, from his knowledge of existing circumstances and conditions that his conduct will naturally and probably result in injury. See Eatley v. Mayer, 9 N.J. Misc. 918 (Hudson Cty. Circ. Ct. 1931); affirmed 10 N.J. Misc. 219 (Sup. Ct. 1932), and also Staub v. Public Service Railway Company, 97 N.J.L. 297 (1922), the latter case being an opinion by the Court *131 of Errors and Appeals; Iaconio v. D'Angelo, 104 N.J.L. 506 (E. & A. 1928)." (at page 226)
The Eatley case to which the county judge referred, used the same definitions (9 N.J. Misc., at page 919). Eatley was a civil action in which plaintiff sought punitive damages, claiming that defendant dentist had performed dental work "negligently, unskillfully, carelessly and with a wanton disregard for plaintiff's health and physical condition." His demand for particulars called for a specification of acts of "gross" carelessness and negligence. After noting that gross negligence would not support a charge for punitive damages, while a charge of willful and wanton disregard would, the county judge went on to define "willfulness" and "wantonness."
Both Eatley and Neri relied upon Staub v. Public Service Railway Company, 97 N.J.L. 297 (E. & A. 1922), a civil action to recover damages arising from an accident in which plaintiff's truck was struck by defendant's railway car, and which resulted in a nonsuit. With regard to plaintiff's argument that the case should have gone to the jury because the proofs disclosed that defendant's motorman was guilty of wanton and willful injury to plaintiff's property, the court said:
"To establish a willful or wanton injury it is necessary to show that one with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result." (at page 300)
The court held that there was no evidence of willful or wanton injury and affirmed the nonsuit.
We find Neri, Eatley and Staub of no real help in resolving our present problem. And State v. Gooze, 14 N.J. Super. 277 (App. Div. 1951), and State v. Diamond, 16 N.J. Super. 26 (App. Div. 1951), both involving death by automobile in violation of the former statute, R.S. 2:138-9, throw little light *132 on the issue of double jeopardy. Gooze refers to both the Staub and Eatley definitions, and Diamond cites Gooze (written by the same judge) with approval.
However, In re Lewis, 11 N.J. 217 (1953), does provide some guidance in the resolution of our problem. There defendant, a minor of 17 years, was charged under N.J.S. 2A:113-9 in the Juvenile and Domestic Relations Court with death by automobile caused by his careless and heedless operation of his vehicle "in willful or wanton disregard of the rights or safety of others." He was found guilty of an act of juvenile delinquency and committed to the Annandale Reformatory. He appealed and the Supreme Court certified the appeal on its own motion. Defendant's principal challenge was to the sufficiency of the proofs to sustain the trial judge's finding of the commission of the offense. The proofs, as here, were circumstantial. The court found them sufficient to support the conclusion of the trial judge. Justice (now U.S. Supreme Court Justice) Brennan, writing for the unanimous court, said:
"The offense condemned by R.S. 2:138-9 may be committed by the driver of a motor vehicle who causes the death of another when there inheres in his driving the high probability of causing harm because of conditions known to him which actually impair, or potentially have the capacity to impair, his faculties for vigilance and care. It is not necessary to show ill will toward, or a positive intent to injure, another in order to establish that a motor vehicle was driven in willful or wanton disregard of the rights or safety of others. True, conduct which is willful or wanton, unlike conduct which is merely negligent, does import intent. Am. Jur., Negligence, sec. 48, p. 692. However, the element of intent to harm is supplied by a constructive intention as to consequences, which entering into the intentional act which produces harm, namely, the driving of the vehicle, the law imputes to the actor, so that conduct which otherwise would be merely negligent becomes, by reason of reckless disregard of the safety of others, a willful or wanton wrong. See King v. Patrylow, 15 N.J. Super. 429 (App. Div. 1951). The emphasis is upon the reckless indifference to consequences of the intentional act of driving the motor vehicle in the face of known circumstances presenting a high degree of probability of producing harm. State v. Hedinger, 126 N.J.L. 288 (Sup. Ct. 1941), affirmed 127 N.J.L. 564 (E. & A. 1942); State v. Linarducci, 122 *133 N.J.L. 137 (Sup. Ct. 1939), affirmed 123 N.J.L. 228 (E. & A. 1939); State v. Gooze, 14 N.J. Super. 277, 286 (App. Div. 1951); Annotation, 160 A.L.R. 515." (at pages 221-2)
We consider the quoted language as a complete answer to the principal argument of the State on this appeal that "willful" requires more proof than "wanton." Lewis clearly states that it is not necessary to show a positive intent to injure another in order to establish that the automobile was driven in willful or wanton disregard of the rights or safety of others; the element of intent to harm is supplied by a constructive intention as to the consequences which, entering into the intentional act that produced the harm (operation of the automobile), the law imputes to the driver. As we read Lewis, "willful" and "wanton" have substantially the same meaning. Indeed, the phrase "willful or wanton" might well be read as "willful and wanton." Cf. Murphy v. Zink, 136 N.J.L. 235 (Sup. Ct. 1947), affirmed o.b. 136 N.J.L. 635 (E. & A. 1948), where the court said that
"* * * Ordinarily the word `or' in a statute is to be considered a disjunctive particle indicating an alternative. There has been, however, laxity in the use of the words `or' and the conjunctive `and' so that the words are interchangeable and that one may be substituted for the other, if to do so is consistent with the legislative intent. 2 Sutherland, Statutory Construction (3d ed.) 451 * * *." (136 N.J.L., at page 239)
In the light of In re Lewis, above, we see no reason why "willful" and "wanton" operation of the automobile required separate counts, or constituted separate offenses. The indictment should have been in one count, and that count could properly have charged "willful and wanton" operation of the car. Such an indictment would have been in accord with the case of State v. Linarducci, 122 N.J.L. 137 (Sup. Ct. 1939), affirmed 123 N.J.L. 228 (E. & A. 1939).
An examination of the legislation which led to R.S. 2:138-9, now N.J.S. 2A:113-9, is not inappropriate. The statute was the result of Senate Bill No. 77 of the 1935 Legislature *134 whose purpose, set out in the Statement accompanying the bill, was to change the designation of the crime of manslaughter to "involuntary homicide" in vehicle cases, and to make the penalty lighter than for manslaughter, "in order to overcome the reluctance on the part of juries to indict and convict in cases of death by vehicle." The act was intended to make it easier to obtain convictions in such cases and to act as a deterrent to reckless operators of vehicles. The legislation was proposed by the Commissioner of Motor Vehicles. See the 28th Annual Report of the Commissioner to the Legislature for the year 1933 (State Library 1974.901 M71). As originally introduced, the bill provided that any person who, by operation of any vehicle "in a culpably negligent manner, but not willfully or wantonly, occasions the death of another person" is guilty of the crime of involuntary homicide and, upon conviction, shall be punishable by a prison term not exceeding three years or by a fine of not more than $1,000, or both.
After a period of study, the bill was supplanted by a Committee Substitute which read, simply, that "Any person who shall cause the death of another by recklessly driving any vehicle shall be guilty of a misdemeanor." (Italics ours) The change from driving in a "culpably negligent manner" to "recklessly driving" indicates the trend of the legislative thinking.
The Second Official Copy Reprint of the Committee Substitute added a proviso that it shall be unlawful to use or offer in evidence, in any civil action brought to recover damages arising out of the fatal accident, the record of any judgment or conviction obtained under the proposed act. The Third Official Copy Reprint of the Committee Substitute replaced the phrase "by recklessly driving" with the language "by driving any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others." This became the language of L. 1935, c. 282, and was carried over into the Revision of 1937 as R.S. 2:138-9, predecessor of the present statute.
*135 The history of Senate 77 shows that the present language stems from the Legislature's concern with reckless driving resulting in death, transmuted by the Committee Substitute into driving "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others." That history lends significant strength to what Justice Brennan had to say in the Lewis case, above.
Defendant having been found not guilty under the "willful" count of the indictment and the jury having disagreed on the "wanton" count, he may not now be tried again on the "wanton" count, and this on the clearest ground of double jeopardy.
Accordingly, the matter is remanded to the County Court with the direction that the first count be dismissed.