Alonzo BOHANNON, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF MOTOR VEHICLES, Respondent.**

No. 5900.

District of Columbia Court of Appeals.

Argued Nov. 16, 1971.

Decided March 22, 1972.

---

Alonzo Bohannon, pro se.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on brief for respondent.

Before HOOD, Chief Judge, and NEBEKER and REILLY, Associate Judges.

HOOD, Chief Judge:

Petitioner seeks reversal of an order of the Director of Motor Vehicles revoking his operator's permit. The order stated the ground for revocation to be that on a named date and at a named place petitioner . . . did operate a motor vehicle in such a manner as to show a flagrant disregard for the safety of persons or property.

To Wit: On the above date and location, you did operate a motor vehicle with defective brakes, strike a pedestrian which resulted in the death of another.

Petitioner's testimony before the Hearing Officer, which is not controverted in any respect and was corroborated in several respects, was substantially as follows:

Petitioner's car was officially inspected on December 7, 1970 and rejected because of faulty brakes. It was again inspected and rejected on December 14 and 24, but on December 31 it passed inspection. Petitioner had spent some $60.00 for brake repairs. During the month of January petitioner drove his car on numerous occasions and had no difficulty with the brakes. On February 1st when petitioner started his car to drive away from his home the brakes did not appear to be working properly. He added some brake fluid, tested the brakes and found them working, and then drove several blocks, making stops without difficulty. As he approached an intersection he saw a red light and a pedestrian crossing at the crosswalk. He applied the brakes and they completely failed. He was unable to stop and the car struck the pedestrian, causing her death. As he approached the intersection his speed was not over 12 miles an hour and the car

came to a stop 36 feet past the point of impact.

The cause of the brake failure was not determined by petitioner or by the police who came promptly to the scene of the accident, but both petitioner and the police agreed the brakes were then completely inoperable although the master cylinder was filled with fuid.

In his informal findings the Hearing Officer stated this was not a case of "normal brake failure", that petitioner had "felt that something was wrong with the brakes" before he started the car and that an order would be entered holding that petitioner did operate a motor vehicle in such a manner as to show a flagrant disregard for the safety of persons or property, and "did operate a motor vehicle with defective brakes, strike a pedestrian which resulted in the death of another."[1] The formal order of revocation was issued in the wording set out in the first paragraph of this opinion.

It is evident that the Hearing Officer, the Director, and the Corporation Counsel, in its brief here, relied upon Section 5(a) of Part V of the Traffic and Motor Vehicle Regulations (1957 ed. rev.) which authorizes revocation of an operator's permit when it is found that the operator "has driven a motor vehicle in such manner as to show a flagrant disregard for the safety of persons or property."[2]

We have before us a Special Edition of the District of Columbia Register, dated October 5, 1970, which purports to contain Title 32 of the District of Columbia Rules and Regulations relating to the Department of Motor Vehicles, stating that the text of Title 32 "is derived from the latest text of the rules and regulations, general and permanent in nature, duly promulgated on or before July 31, 1970." We endeavored without success to find Section 5(a), above referred to, in Title 32, and upon inquiry to the Corporation Counsel were told that Title 32 is not in force and effect because it contains certain substantive revisions never adopted by the District of Columbia Council,[3] and that the Traffic and Motor Vehicle Regulations (1957 ed. rev.) are in force and effect. It is also the position of the Corporation Counsel that the District of Columbia Administrative Procedure Act[4] does not require publication in the District of Columbia Register of the previously existing Motor Vehicle Regulations.

It seems odd to us that Title 32 consisting of nearly 300 pages, would be published in a Special Edition of the District of Columbia Register, and offered for sale to the public, if it is of no validity. However we do not believe this is the proper case for us to decide whether the position of the Corporation Counsel is correct. The question was not raised in the administrative proceeding or in this court where petitioner appeared pro se. It is our opinion that the revocation of appellant's permit must be reversed in any event.

Section 5(a) of Part V of the Traffic and Motor Vehicle Regulations authorizes revocation where the operator "has driven a motor vehicle in such manner as to show a flagrant disregard for the safety of persons or property." Title 32, Chapter II, Section 2.305(a) (3) authorizes revocation where the vehicle has been operated "in willful or wanton disregard for

---

1. This stilted language perhaps derives from Section 5(b) (1) of the Traffic and Motor Vehicle Regulations which refers to operation of a motor vehicle "involved in an accident resulting in the death of another."

2. See Campbell v. England, D.C.Mun.App., 185 A.2d 726 (1962) where the pertinent portion of Section 5(a) is set out in full in footnote 1.

3. Title 32, at 61, admits there are "[s]ome substantive additions" in the "proposed codification", but further states that "[s]ubject to the foregoing comments, all rules restated in Chapter II are in effect as of July 15, 1970."

4. D.C.Code 1967, §§ 1–1501 and 1–1507 (Supp. IV, 1971).

the safety of persons or property." The two are similar in nature; the main difference is one says "flagrant" and the other "willful or wanton". It has been held that in such context "willful" and "wanton" have substantially the same meaning.[5] The word "flagrant" emphasizes the open or notorious nature of the act but also imports an element of willfulness. Willfulness does not necessarily require an intent to do harm; but it does require a conscious indifference to consequences under circumstances likely to cause harm.

■ The exact finding of the Hearing Officer in this case was that petitioner "did operate a motor vehicle with defective brakes" and did strike a pedestrian causing death. It should be noted there was no finding that petitioner *knowingly* operated his car with defective brakes and we do not feel that petitioner's conduct, as disclosed by his testimony, is to be measured by the unfortunate death of the pedestrian.

In short, it is our own opinion that petitioner's conduct may have been negligent but it lacked that knowing indifference to consequences necessary to constitute flagrant or wanton disregard of the safety of others.

The order of revocation is reversed.

---

5. State v. Donley, 85 N.J.Super. 127, 204 A.2d 149, 152 (1964). *See also* D.C.Code 1967, § 40–605(b), containing the words "willful or wanton" in the reckless driving statute.