**Robert HAGER, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF CONSUMER AND REG-
ULATORY AFFAIRS, Respondent.**

**No. 83–500.**

District of Columbia Court of Appeals.

Argued Feb. 28, 1984.

Decided March 9, 1984.*

George H. Windsor, Washington, D.C., for petitioner.

Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before PRYOR, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

Petitioner seeks review of a decision by an administrative law judge (ALJ) of the Department of Consumer and Regulatory Affairs. The only contention made by petitioner in this court is that the ALJ applied an erroneous definition of the word "willful" in concluding that he had willfully

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. Respondent's motion for publication has been granted by the court.

breached certain warranties. We reject his contention and affirm the decision of the ALJ.

In 1979 petitioner sold a house to Garrett and Donna Chitwood. A clause in the contract of sale provided that "[t]he premises, appliances and certain systems shall be warranted as stated in the 'Residential Real Property Transfer Excise [Tax] Act of 1978,'" commonly known as the Speculator's Tax Act. Within the applicable warranty periods, several problems developed with the house. When petitioner failed to alleviate them, the Chitwoods filed a complaint with the Office of Consumer Protection, which then began an administrative proceeding against petitioner. After an evidentiary hearing, an ALJ found that petitioner had willfully breached the statutory warranties with respect to a malfunctioning refrigerator, a sagging floor, a fuel oil tank whose bottom had fallen out, and the presence of water in the furnace room. The ALJ found that petitioner had knowledge of each of these defects in the property. Because there was substantial evidence to support these findings, we cannot disturb them. *See* D.C.Code § 1–1510(a)(3)(E) (1981).

■ Petitioner contends that, absent a finding of bad faith or moral culpability, the ALJ erred in concluding that he had willfully breached the warranties.[1] This court has repeatedly held that it will defer to an administrative agency's interpretation of a statute with whose enforcement it is charged, so long as that interpretation is reasonable and not inconsistent with the statute itself. *McMullen v. Police & Firefighters Retirement & Relief Board*, 465 A.2d 364, 366 (D.C.1983); *Totz v. District of Columbia Rental Accommodations Commission*, 412 A.2d 44, 46 (D.C.1980). The question for us to decide here, then, is whether the ALJ's interpretation of the

statutory language was reasonable. We hold that it was.

■ The word "willfully" can mean different things in different contexts. *See, e.g., Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943) ("willfully" in two different but related sections of the Internal Revenue Code construed two different ways). Petitioner contends that, as used in the Speculator's Tax Act, the word necessarily includes an element of bad faith or moral culpability. We cannot agree. Even in the criminal law, willfulness is seldom defined so broadly.

> It is only in very few criminal cases that "willful" means "done with a bad purpose." Generally, it means "no more than that the person charged with the duty knows what he is doing. It does not mean that, in addition, he must suppose that he is breaking the law."

*Townsend v. United States*, 68 App.D.C. 223, 229, 95 F.2d 352, 358, *cert. denied*, 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121 (1938), quoting from *American Surety Co. v. Sullivan*, 7 F.2d 605, 606 (2d Cir.1925) (Learned Hand, J.). In civil or administrative proceedings, willful conduct is most often defined simply as that which is intentional, rather than inadvertent or accidental.[2] *See United States v. Murdock*, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933). That is the sense in which the ALJ in this case found that petitioner had willfully breached the warranties, citing such cases as *Monday v. United States*, 421 F.2d 1210, 1215 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). This is consistent with our own decisions in *Bohannon v. District of Columbia Department of Motor Vehicles*, 288 A.2d 672, 674–675 (D.C.1972), and *Sherman v. Commission on Licensure to Practice the Healing Art*, 407 A.2d 595, 599–600 (D.C.1979). *See also, e.g., Gear-*

---

1. D.C.Code § 47–1419(b)(1) (1981), which is part of the Speculator's Tax Act, provides that "[i]f the Mayor determines that a warranty has been willfully breached or intentionally dishonored," he may impose sanctions such as the ones imposed in this case. The Mayor has delegated his duties under this statute to the Di-

rector of the Office of Consumer Protection. Mayor's Order No. 78–165, 25 D.C.Reg. 2369 (1978). That office, in turn, has promulgated regulations governing the enforcement of the Act. 25 D.C.Reg. 5697 (1978).

2. *But cf.* D.C. Bar Ass'n, Standardized Civil Jury Instructions for the District of Columbia, No. 16–1

*hart & Otis, Inc. v. SEC,* 121 U.S.App.D.C. 186, 190–191, 348 F.2d 798, 802–803 (1965).

Petitioner offers no authority for his claim that a willful breach cannot be established without a showing of bad faith or moral culpability. Since the ALJ's construction of the term is neither unreasonable nor contrary to the purpose of the statute, we accept it and reject petitioner's arguments. The decision of the Department of Consumer and Regulatory Affairs is therefore

*Affirmed.*[3]

(1981), which speaks of "willful, wanton or reckless" conduct in discussing punitive damages, but does not define any of those terms.

**3.** In his petition for review, petitioner also challenged the ALJ's award of costs as *ultra vires.* At oral argument, however, counsel for petitioner advised us that he was not pressing that point since he had never received a bill of costs (even though the record contains a bill of costs in the amount of $2052.91, marked as Record Document 18) or a demand for payment. In these circumstances we do not address the issue of the ALJ's authority to award costs.