720 A.2d 422

ROBERT STOLLENWERK, T/A PAPOOH'S TREE FARM, PLAINTIFF–APPELLANT, v. TOWNSHIP OF MULLICA, MULLICA TWP. FIRE DEPT., JOHN DOE, MEMBERS OF THE MULLICA TWP. FIRE DEPT. AND OTHER PARTIES NOT YET IDENTIFIED, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 28, 1998—Decided November 20, 1998.

Before Judges SKILLMAN, PAUL G. LEVY and LESEMANN.

*Paula C. Kaluhiokalani–Merrill*, argued the cause for the appellant.

*Paul J. Soderman*, West Orange, argued the cause for respondents (*Zucker, Facher and Zucker*, attorneys; *Mr. Soderman*, on the brief).

The opinion of the court was delivered by

LESEMANN, J.S.C. (temporarily assigned).

Plaintiff appeals from a summary judgment dismissing his complaint which alleged that negligence of two volunteer fire companies had caused fire damage to his property. The summary

judgment was based on two statutes, *N.J.S.A.* 2A:53A–13 and 2A:53A–13.1, which provide broad immunity to volunteer fire companies and their members for their actions while engaged in fire fighting or first-aid rescue services. Plaintiff did not contest the motion in the Law Division but does so now. Although the appeal might well be dismissed because of plaintiff's inaction in the trial court, we have determined to deal with the matter on its merits, and on that basis we affirm.

On April 7, 1995, the members of two Mullica Township volunteer fire companies responded to a highway accident and, while performing first-aid and rescue services there, summoned a helicopter to bring victims to a hospital. They used flares to mark a recommended landing area in a nearby field. The flares caused grass in the field to catch fire which, in turn, caused substantial damage to plaintiff's tree farm. As a result, plaintiff filed suit against the Township, the Township volunteer fire department, and members of the fire department, alleging that their negligence caused plaintiff's loss.

*N.J.S.A.* 2A:53A–13 provides that:

> No member of a volunteer fire company, which provides emergency public first aid and rescue services or services for the control and extinguishment of fires, or both, ... shall be liable in any civil action to respond in damages as a result of his acts of commission or omission arising out of and in the course of his rendering in good faith any such services....

\* \* \*

> Nothing herein shall be deemed to grant any such immunity to any person causing damage by his willful or wanton act of commission or omission.

*N.J.S.A.* 2A:53A–13.1 provides the same immunity, in virtually the same language, for the "volunteer fire company" itself (as opposed to its members) although it does not contain the disclaimer for "willful or wanton" actions.

Based on those immunity provisions, the Law Division granted defendants' motion for summary judgment. On appeal plaintiff raises essentially two arguments:

■ First, plaintiff claims that the immunity statutes apply only when the volunteer fire company is performing fire fighting services and not while it is performing first-aid services. Second, plaintiff claims that defendants' actions were "willful" and thus the immunity grant is inapplicable.

Plaintiff's first argument simply ignores the language of the statutes. Both *N.J.S.A.* 2A:53A–13 and 2A:53A–13.1 apply, by their terms, to both "services for the control and extinguishment of fires" *and* "emergency public first-aid and rescue services." Here, the defendants were engaged in the latter, but the grant of immunity is as clear and as broad as if they were engaged in fire fighting duties.

■ As to the second argument, while plaintiff now contends that defendants' actions were "willful," defendants correctly note that plaintiff's complaint contains no such allegation. The complaint is based squarely and exclusively on alleged negligence and says nothing of "willful or wanton" conduct. In any event, and even assuming that the "willful or wanton" exception were properly before us, the claim has no merit.

Nothing in the fact pattern here justifies a characterization of defendants' actions as willful or wanton.

> To establish a willful or wanton injury it is necessary to show that one with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result.
>
> [*Egan v. Erie R.R. Co.*, 29 *N.J.* 243, 254–255, 148 *A.*2d 830 (1959) (quoting from *Staub v. Public Service Ry. Co.*, 97 *N.J.L.* 297, 300, 117 *A.* 48 (E. & A.1922))]

Those conditions must be demonstrated; they cannot merely be alleged:

> Willfulness and wantonness are conclusions to be drawn from a given set of facts and circumstances. When in the light of common experience and judicial precedents the facts and circumstances alleged clearly do not constitute such conduct, the mere fact that plaintiffs characterize them as willful or wanton is not sufficient to create a triable issue.
>
> [*Ibid.*]

See also the comments of Chief Justice Weintraub in *Krauth v. Israel Geller*, 31 *N.J.* 270, 277, 157 *A.*2d 129 (1960), as to the meaning of the term wanton:

> To warrant that characterization, the act or the omission to discharge a duty must be intentional, and coupled with a consciousness, actual or imputed, of a high degree of probability that harm ... will ensue.

Thus, even assuming that plaintiff's complaint did allege willful and wanton conduct by the defendants, there would be no basis for any such characterization. The facts alleged would, at most, constitute simply negligence and are precisely the kinds of conduct covered by the grants of immunity in the two statutes cited.

Finally, we note that *N.J.S.A.* 2A:53A–13 and 2A:53A–13.1 do not specifically grant immunity to a municipality. Plaintiff, however, does not argue that the Township should be treated differently from the volunteer fire companies or their members, nor does he articulate any theory under which the Township would be responsible for the actions of the fire companies and its members. There is no claim that either the organizations or their members are municipal agents or employees, but even were we to assume such status, the applicable provision of the New Jersey Tort Claims Act, *N.J.S.A.* 59:2–2, immunizes the municipality from liability to the same extent as the fire company and its members. Subsection b of *N.J.S.A.* 59:2–2 provides that "a public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." And *N.J.S.A.* 59:1–3, also a part of the Tort Claims Act, contains a broad definition of "public employee," clearly encompassing members of volunteer fire companies by defining a "public employee" to include "an officer, employee, or servant, whether or not compensated or part-time, who is authorized to perform any act or service."

Thus, even if there was any theory on which the municipality might otherwise be liable for the actions of the fire companies or their members, the immunity provided by the statutes cited above,

together with the complementary provisions of the Tort Claims Act would effectively bar any such claim against the Township.

The decision of the Law Division is affirmed.