## No. 10,064.

## MCALLISTER ET AL. *v.* MCALLISTER.

Decided July 3, 1922.   Rehearing denied October 3, 1922.

Action for alienation of affections.   Judgment for plaintiff.

*Affirmed.*

1. INSTRUCTIONS—*Malice.* Instruction on malice in an action for alienation of affections, considered and approved.

2. ALIENATION OF AFFECTIONS—*Evidence.* Evidence of defendant's financial worth, in an action for alienation of affections, is proper as applicable to the question of exemplary damages.

3. INSTRUCTIONS—*To be Considered Together.* An instruction is not to be held erroneous where it is properly completed and interpreted by others given, with which it must be considered.

4. EVIDENCE—*Husband and Wife—Competency.* In an action by a wife against the father of her husband, for the alienation of his affections, communications between the husband and wife tending to establish the cause of the breaking up of their home, held proper, and under the circumstances of this case not to be excluded under the provisions of section 1, chapter 230, S. L. 1911, concerning the examination of husband or wife for or against the other without their consent.

5. *Concerning Will.* In an action by a wife against the father of her husband for the alienation of his affections, evidence concerning a will of defendant's wife, discussed and held properly received for the purposes indicated.

6. *Judicial Notice—Court Records.* The supreme court does not take judicial notice of the records of other courts, and where such matters are not incorporated in the record to be reviewed, they should never be injected by brief or argument.

7. *Sufficiency.* Evidence reviewed and the contention that it is insufficient to support the judgment overruled.

8.  VERDICT—*Excessive.*  Where the right to recover is clear, the court
    will not disturb a verdict on the ground that it is too much or
    too little, unless it is grossly disproportionate to the rights of
    the parties as shown by the evidence.

*Error to the District Court of Boulder County, Hon. Neil
F. Graham, Judge.*

Messrs. MARTIN, NEWCOMER, FITZGERALD & TINGLOF, for
plaintiffs in error.

Mr. JOHN T. BOTTOM, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

IN 1907 Ira T. McAllister and Elizabeth, his wife, re-
sided in Boulder, Colorado.   June 18 of that year their
son, Clarence Milo McAllister married defendant in error
(hereinafter referred to as plaintiff) at Springfield, Mis-
souri.   Shortly thereafter plaintiff and her husband took
up their residence in Boulder in the same block with, and
in a house belonging to, said Ira T. McAllister, (herein-
after referred to as defendant), and a daughter, Helen
E., was there born to them May 17, 1909.   After living
together about six years a separation took place lasting
about one year, followed by a reunion and a final separa-
tion in October, 1915, at which time the husband went to
California.   Plaintiff began this action against defendant
and his wife in November, 1917.   The complaint charged
alienation of the affections of plaintiff's husband and the
prayer was for damages in the sum of $100,000, $50,000
actual and $50,000 exemplary.   Elizabeth McAllister died
before the trial and the cause proceeded against defend-
ant.   Verdict for plaintiff in the sum of $9,000 was set
aside by the court and a second trial resulted in a verdict
for her in the sum of $15,000.   Thereafter defendant died
and this writ is prosecuted, by three of his sons as special
administrators, to review the judgment entered upon that
verdict.

Trial was begun to a jury April 21, 1920, and the verdict was returned six days thereafter. One hundred and ten alleged errors are assigned. Most of them justify no comment. Of the points argued eight will be examined: 1. That instruction No. 7 was erroneous and prejudicial; 2. That evidence of defendant's financial worth was improperly admitted; 3 That instructions numbered 8, 13 and 17 were erroneous and prejudicial; 4. That there was no evidence of malice, hence no support for exemplary damages; 5. That communications between plaintiff and her husband were offered in evidence in violation of the statute; 6. That evidence relating to the will of defendant's wife was improperly admitted; 7. That the evidence as a whole was insufficient to justify the verdict; 8. That the verdict was excessive.

1. Instruction No. 7. Reads as follows:

"Malice may be implied when there is a deliberate intention to do a grievous wrong without legal justification or excuse.

The very essence of malice is a disposition or willingness to do a wrongful act greatly injurious to another, and wherever an act is intentionally and willfully done malice shall be implied, unless the evidence shows that the party committing the act or acts acted from some innocent or proper motive."

This instruction was objected to because: (a) An implication of malice attaches only to a wrongful act; (b) The act must be done with a wrong motive, and, in case of exemplary damages, with a reckless disregard of plaintiff's rights and feelings; (c) Implied malice should be confined to compensatory damages.

It is only by dissecting this instruction and attacking it piecemeal that any force is given to the argument in support of these objections. The instruction must be considered as a whole. The court not only advised the jury that the act must be wrongful but that it must be a "grievous wrong." One who so acts without an "innocent or

proper motive" acts from a wrong motive. If the act is done with malice exemplary damages must be awarded. Sec. 2067 R. S. 1908. Such malice need not be admitted, it may be implied, and the jurors are so advised. Thus a careful reading of No. 7 is a complete answer to the objections. It is urged that this instruction, in substance, is disapproved by this court in *French v. Deane,* 19 Colo. 504, 509, 36 Pac. 609, 24 L. R. A. 387 and in *Williams v. Williams,* 20 Colo. 51, 64, 37 Pac. 614. In each of these cases however, the jury was told that malice was an implication of law whereas it is an implication of fact and the jury herein was so advised.

It should be noted here that the question of exemplary damages was submitted to the jury with no direction to it to find separately on exemplary and compensatory damages and no request by either party so to do.

2. Evidence of defendant's financial worth was admitted, as stated by the court, "for any purpose for which it may be applicable." It was applicable to the question of exemplary damages. *Courvoisier v. Raymond,* 23 Colo. 113, 118, 47 Pac. 284.

No obligation rested upon the court, as each piece of evidence came in, to advise the jury of the particular branch of the case to which it applied. Such is, generally speaking, the province of instructions. If counsel for defendant desired an instruction specifically limiting this evidence to the question of exemplary damages such a request should have been made. The record discloses none.

3. The objections to instructions numbered 8, 13 and 17, like those to instruction No. 7, are entirely dependent for their force upon piecemeal consideration without reference to other instructions. This is not a case where an erroneous statement of the law is given in one instruction and a correct statement thereof in another as in *Walsh v. Henry,* 38 Colo. 393, 398, 88 Pac. 449, but where a proposition not entirely covered in one instruction is completed in another, or where one instruction is necessary to the interpretation of another.

4. The contention that there is no evidence of malice is covered in considering the whole evidence under point "7".

5. Certain communications between plaintiff and her husband were admitted, which it is urged violated the prohibition of section 7274 R. S., 1908, as amended L. 1911, p. 679. The portion of the section in question reads:

"A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor shall either during the marriage or afterward be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other."

Strictly speaking this is not a civil action by the wife against the husband. It is a civil action by the wife against a third person for having caused the husband to pursue a course of conduct which injured the wife. Every possible reason for admitting such communications in the former case applies in the latter. The purpose of the act is primarily the protection of the home. To permit the prohibition to work a gross injustice to an injured wife by allowing its aid to be invoked by an outsider who has intermeddled in family affairs when the husband, as here, does not raise the question, would be to use the statute to defeat the very purpose of its enactment. Evidence of the communication in the instant case was essential to establish the cause of the breaking up of the home and the destruction of conjugal affection for which plaintiff charged, and the evidence showed, defendant was responsible. In such cases the statute has no application. *Williams v. Williams,* 20 Colo. 51, 69, 37 Pac. 614.

6. Certain testimony was given here concerning the fact that the will of defendant's wife, (who was herself in the first instance a joint defendant herein and who had died October 27, 1918), was in possession of counsel for

defendant, had never been submitted for probate, and that defendant (and perhaps plaintiff's husband) was a beneficiary thereunder. If the failure to submit that will to probate was for the purpose of injuring plaintiff and the will itself contained evidence of collusion to that end between defendant and his wife it might have furnished evidence of fraud and been properly admissible on that ground. This would certainly be true if it were established by other evidence that defendant had alienated the affections of plaintiff's husband and had therein been actuated by malice, all of which the jury unquestionably found. Moreover it bore directly upon the question of defendant's financial worth and was thus material to the question of exemplary damages. The long withholding of that will from probate in the hands of defendant's counsel was a suspicious circumstances which, if unexplained by the only person in whose power the true explanation lay, i. e., the defendant in this case, the jury was entitled to consider. In so disposing of the objection we ignore entirely the contents of the will, as well as the contents of defendant's own will, as set out in the brief of counsel for plaintiff. These matters do not appear of record in this cause and the court does not take judicial notice of the records of other courts. Such extraneous matters should never be injected by brief and argument.

7. The principal contention here made, and the one to which the major portion of defendants' brief is directed, is the alleged insufficiency of the evidence. In determining it we must of necessity take that view most favorable to plaintiff permissible to the jury. It is impracticable, as well as unnecessary, to review in detail the entire evidence. We have examined it with care and in our opinion the jury was justified therefrom in reaching the following conclusions:

Clarence Milo McAllister was entirely dependent upon defendant for shelter, food, fuel and clothing for himself and his family. By reason thereof, and because of the love and confidence he cherished for his father and the domi-

nating character of the latter, the son yielded a willing obedience to defendant in all matters of importance. Defendant and his wife exhibited toward plaintiff a deep seated animosity. They determined that no material advantage should accrue to her by reason of her marriage relation and that she should be driven to forfeit its rights and privileges. No substantial reason existed for that attitude. Defendant, as the head of the family, inspired and directed this sentiment and conduct. His was the influence directly and constantly exercised upon his son which alienated the latter's affection from his wife and broke up their home. The acts of plaintiff's husband and his mother, contributing to that unhappy and unlawful result, were in fact the acts of defendant. The result of all these things was not only to permanently alienate from plaintiff the affection of her husband but to inflict upon her shame, indignity, humiliation and actual want.

We must assume that this was the view the jury took of this evidence. If so malice was proven, exemplary damages imperative, and the verdict amply supported.

8. No definite rule can be laid down as to when such a verdict is, and when it is not, excessive. Each case must depend upon its own facts.

"Where the right of recovery is clear the court will not disturb a verdict on the ground that it is too much or too little, unless it is grossly disproportionate to the rights of the parties, as shown by the evidence." *Williams v. Williams,* 20 Colo. 51, 68, 37 Pac. 614.

No such disproportion here appears. If the jury in fact included no exemplary damages in this verdict we think it is not excessive.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE DENISON and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as Chief Justice.