Argued September 5, peremptory writ disallowed
September 26, 1974

STATE ex rel THESMAN, *Plaintiffs, v.*
DOOLEY, *Defendant, and* SCHWEIZER, *Intervenor.*
526 P2d 563

*Garry Kahn,* Portland, argued the cause for intervenor. With him on the briefs were Eldon M. Rosenthal, and Pozzi, Wilson & Atchison, Portland.

*Walter J. Cosgrave,* Portland, argued the cause for plaintiffs. With him on the brief were Austin W. Crowe, Jr., and Cosgrave & Kester, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON* and SLOPER, Justices.

HOWELL, J.

This is an original proceeding in mandamus to compel the defendant, Patrick E. Dooley, a circuit judge of Multnomah County, to vacate or modify certain orders allowing pretrial discovery.

The plaintiffs are the defendants in an action filed by the intervenor, Elfreide Schweizer, against Portland Dance Studios, Inc., and its president and principal shareholder, Ernest Thesman. The complaint alleges fraud and misrepresentation concerning certain dancing lessons sold to the intervenor by Portland Dance Studios. The complaint seeks general damages and punitive damages.

---

* Bryson, J., did not participate in the decision of this case.

The intervenor Schweizer's complaint was filed in December, 1973. On January 28, 1974, her attorney took the deposition of Ernest Thesman, president of Portland Dance Studios. On advice of his attorney, Thesman refused to answer questions relating to his financial condition and that of Portland Dance Studios. The intervenor submitted a motion to the trial court to require Thesman to answer the questions, and on March 12, 1974, the court entered an order directing Thesman to answer questions "concerning the present assets of the Portland Dance Studio, Inc., the personal assets and income of Ernest Thesman, * * *." At the same time the trial court also entered an order requiring Thesman to produce his income tax records and the tax records and balance sheets of Portland Dance Studios.

The issue presented to the court is whether, in an action for fraud and deceit where the complaint alleges the defendant acted willfully and maliciously and requests punitive damages, the plaintiff is entitled to pretrial discovery of defendant's financial worth including the defendant's income tax records and balance sheets.

As a preliminary matter the plaintiffs herein contend that there is no statutory authority for a motion to require a deponent to answer certain questions.

■ Our statute ORS 45.010 states that a deposition is "testimony" of a witness. ORS 44.190 establishes the procedure when a witness refuses to cooperate in the taking of testimony:

"Disobedience to a subpena, or a refusal to be sworn or answer as a witness or subscribe an affidavit or deposition when required, may be

punished as a contempt by the court or officer before whom he is required to attend or the refusal takes place, and if the witness is a party, his complaint, answer or reply may be stricken."

When counsel are taking the deposition of a party and disagree whether the deponent is required to answer a question, we know it is a common practice for counsel to orally request the trial court to decide whether or not the witness should answer. Under ORS 44.190 the court may order the deponent to answer. We see no reason why a decision from the trial court could not be requested by a written motion as well as by oral motion. Defendant's contention that the court cannot require the defendant to answer because the motion was in writing is untenable.

Oregon has no specific statute delineating the scope of pretrial discovery. ORS 45.151 sets out the persons from whom a deposition may be taken, and the time and place of the taking. ORS 45.181 provides for protection by the court against abuse or hardship to the deponent. And ORS 45.185 allows a motion to terminate or limit examination. ORS 45.151 and 45.181 are made applicable to orders to inspect documents through ORS 41.615.[1]

---

[1]

ORS 41.615: "Court order for inspection of documents and tangible things in possession of other party or permitting entry upon property of other party. (1) Upon motion of any party showing good cause therefor, and upon notice to all other parties, and subject to the provisions of ORS 45.181, the court in which a proceeding is pending may:

"(a) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by

The scope of the deposition statute was set out in *Armstrong v. Portland Ry. Co.,* 52 Or 437, 439-40, 97 P 715 (1908):

> "* * * The statute provided [sic] for the taking of the deposition of a party to an action by the adverse party, (B. & C. Comp. § 826) was intended to allow his examination only when the evidence sought is pertinent to the issue, and probably only when material and necessary to make out the case of the party calling him. * * *"

B. & C. Comp. § 826 is substantially the same as ORS 45.151. This case has been interpreted to mean:

> "The rule in Oregon is that the only matters that can be sought by discovery are those matters which would be competent, relevant, and material evidence at the trial of the case. * * *" Denecke, *Discovery in State and Federal Courts,* 31 Or L Rev 197, 213 (1952).[2]

Oregon has not enacted a statute similar to Rule 26 (b)(1) of the Federal Rules of Criminal Procedure which is a more liberal rule, in that discovery is not restricted to those matters which would be com-

---

ORS 45.151 and which are in his possession, custody or control; or

"(b) Order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying or photographing the property or any designated object or operation thereon within the scope of the examination permitted by ORS 45.151. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just.
"* * * * *"

[2] This restrictive rule has been the subject of criticism. See Knudsen, *The Time has Come for a Major Change in Oregon's Jabberwocky Code of Civil Procedure,* 8 Will L J 299, 317 (1972). And some have advocated adoption of rules similar to the federal rules in the area of discovery. Goodwin, *Code Pleading in Oregon in the Twenty-First Century,* 2 Env L 145, 149 (1971).

petent evidence in the trial of the cause.[9] However, we stated in *Oregon Orchards v. Ins. Co. of N. A.*, 239 Or 192, 397 P2d 75 (1964), that trial courts should be liberal in ruling on motions for the inspection of non-privileged documents. In *Richardson-Merrell Inc. v. Main*, 240 Or 533, 537, 402 P2d 746 (1965), we stated that in adopting the discovery statute it was "the intention of the legislature * * * to bring Oregon procedural law into line with the modern and, in the opinion of many, including this Court, better view of the value of discovery in litigation, as exemplified in particular by the Federal Rules of Civil Procedure."

■ In a case where punitive damages are alleged, the wealth of the defendant is pertinent to the issue, and material and necessary. "The wealth of defendants is a matter to be considered upon the question of punitive and exemplary damages." *Lamb v. Woodry*, 154 Or 30, 47, 58 P2d 1257, 105 ALR 914 (1936). Thus it is a proper subject for pretrial discovery. See Annot., 27 ALR3d 1375 (1969).

■ The plaintiffs contend that the court should have required a *prima facie* showing at the time of the discovery that the case was a proper one for punitive damages before requiring Thesman to disclose his financial worth. Where the fraud and misrepresenta-

---

[9] Rule 26(b)(1): "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

tion were willful or wanton, the action is a proper basis for punitive damages. *Otte v. Ron Tonkin Chevrolet Co.,* 264 Or 265, 503 P2d 716 (1973). The intervenor here alleged in her complaint that the fraud was malicious and willful. In a similar situation the court in *Hughes v. Groves,* 47 FRD 52, 55 (WD Mo 1969) stated:

> "* * * He [the defendant] objects that 'more than a simple allegation and claim for punitive damages should be necessary to allow plaintiffs to discover information about the defendant's finances and "how much he is to be punished." ' The law, however, is well settled and contrary to that position. * * * No *prima facie* showing in punitive damages is required to justify discovery. * * *"

See also *State ex rel. Kubatzky v. Holt,* 483 SW2d 799 (Mo App 1972). A contrary conclusion was reached in *Gierman v. Toman,* 77 NJ Super 18, 185 A2d 241 (1962).

Where the plaintiff's cause of action is for fraud and deceit, we do not believe the plaintiff should be required to call witnesses and offer evidence to prove the fraudulent acts and then prove they were done willfully before he can inquire into the defendant's financial worth in a discovery proceeding. In effect it would be requiring the plaintiff to prove his case twice. We believe that the efficient administration of justice would be satisfied if the plaintiff be allowed to inquire into the defendant's financial status at the time of the deposition without the necessity of first establishing the acts of fraud and that they were done maliciously.

The plaintiffs herein also object to disclosing the tax records and balance sheets. ORS 41.615 provides that the court may order inspection of docu-

ments in possession of the other party "upon motion of any party showing good cause therefor * * *." Plaintiffs contend that the intervenor Schweizer failed to show good cause for the production of the documents. Intervenor, in her affidavit in support of her motion to produce, states: "I represent that said records are relevant to the issues of punitive damages, which have been prayed for in this case."

ORS 41.615, requiring a showing of good cause for the production of the requested documents, is identical to a portion of former Rule 34 of the Federal Rules of Civil Procedure. Cases interpreting the federal rule are highly persuasive in interpreting ORS 41.615. *Roebling v. Anderson,* 103 US App DC 237, 257 F2d 615, 620-21 (1958), summarizes the "good cause" requirement of the former federal rule:

> "What constitutes good cause takes into account considerations of practical convenience. Barron & Holtzoff state that 'the court should be satisfied that the production of the requested document is necessary to enable a party to prepare his case or that it will facilitate proof or aid in the progress of the trial.' [2 Barron & Holtzoff, Federal Practice and Procedure 497 (Rules ed. 1950).] Moore summarizes it as follows:
>
> " 'There should be a showing that the documents sought to be inspected will in some way aid the moving party in the preparation of his case; that the documents are relevant to the issues; that the moving party must establish his claim or defense by documents, most of which are in the adverse party's possession; or that denial of production would unduly prejudice the preparation of the party's case or cause him hardship or injustice.' [4 Moore, Federal Practice 2450 (2d ed. 1950).]"

■ The documents requested are clearly relevant to the question of the wealth of the plaintiffs, and wealth,

as a matter of law, is relevant to the issue of punitive damages. *Lamb v. Woodry,* supra. The affidavit in this case adequately supports the motion to produce.

Finally, the plaintiffs contend that the tax records are privileged. ORS 41.615 provides that privileged documents may not be discovered. Plaintiffs cite ORS 314.835 in support of their position that copies of income tax returns are privileged. That statute provides generally that officers or employees of the Department of Revenue shall not divulge information on tax returns.

■ The rule is almost universal that it is discretionary with a court in which a civil action is pending to require one party to produce a copy of a federal or state tax return for inspection by an adverse party in a discovery proceeding. Annot., 70 ALR2d 240 (1960).

■ The United States Supreme Court, in a case involving census returns, has said:

"* * * Moreover, although tax returns, like these census reports, are made confidential within the government bureau, Internal Revenue Code of 1954, §§ 6103, 7213 (a), copies in the hands of the taxpayer are held subject to discovery." *St. Regis Paper Co. v. United States,* 368 US 208, 218-19, 82 S Ct 289, 7 L Ed 2d 240 (1961).

We agree with the majority of jurisdictions that hold that statutes such as ORS 314.835 are intended to prevent *government officials* from disclosing information from a tax return except as provided by the statute. They do not prevent a trial court in a proper case from ordering a party to the litigation to produce copies of his tax returns.

The peremptory writ is disallowed.