**Clinton D. SHERWOOD and Darlene J. Sherwood, Plaintiffs,**

v.

**GRACO, INCORPORATED, a Minnesota Corporation, Defendant.**

**Civ. A. No. 76–F–119.**

United States District Court, D. Colorado.

Jan. 31, 1977.

Ronald J. Robinson, Walton, Robinson & Shields, Colorado Springs, Colo., for plaintiffs.

Richard L. Everstine, Duane O. Littell, Martin M. Berliner, O'Connor & Hannan, Denver, Colo., for defendant.

FINESILVER, District Judge:

Defendant has moved for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, claiming that plaintiffs' prayer for punitive damages in this diversity case is barred by the Colorado statute of limitations. The relevant statute is 1973 C.R.S. § 13–80–104, which provides:

All actions and suits for any penalty or forfeiture of any penal statute, brought by this state or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year after the offense is committed and not after that time.

This suit was commenced on February 3, 1976 with the filing of the complaint. Fed.R.Civ.P. 3. The complaint alleges that plaintiff Clinton Sherwood was injured on May 22, 1974 while using defendant's airless paint spray gun. Plaintiff prays for both compensatory and punitive damages. There is no dispute that the lawsuit was brought more than one year after the incident which gave rise to the claim for relief.

In order for § 13–80–104 to apply the action must have been brought to enforce a "penalty" provided for by statute. It has long been held that exemplary damages in this state constitute a penalty. In *French v. Deane*, 19 Colo. 504, 36 P. 609 (1894), the state supreme court observed that punitive damages "rest upon the right to punish, and not the right of the injured party to compensation for the wrong done." *Id.* at 512, 36 P. at 612. It was also noted that the basis for the award of such damages is "penal in character." *Id.* In more recent pronouncements the state courts have reaffirmed their earlier position. In 1974 the Colorado supreme court stated:

It is generally held that the basic purpose of entering a judgment for exemplary damages against a defendant in a civil action is to punish and penalize him for certain wrongful and aggravated conduct.

*Beebe v. Pierce*, 521 P.2d 1263 (Colo.1974). *See also Leo Payne Pontiac, Inc. v. Ratliff*, 29 Colo.App. 386, 486 P.2d 477 (1971).

On previous occasions this court has ruled that exemplary damages were punitive in nature. In *Wegner v. Rodeo Cowboys Assoc.*, 290 F.Supp. 369 (D.Colo.1968), Judge Doyle wrote: "It is important to keep in mind that exemplary damages are awarded for the purpose of punishing persons who have inflicted injuries with malice." *See*

*also Hixon v. Elanco Prods. Co.,* (unpublished) Civ. Action No. 74–F–1163 (D.Colo. Aug. 17, 1976); *Rhoads v. Horvat,* 270 F.Supp. 307 (D.Colo.1967).

Under Rule 51.1 of the Colorado Rules of Civil Procedure, state courts are obligated to instruct juries, where punitive damages are in issue, that such damages "are not to be construed as compensation to the plaintiff for wrong done, but as punishment to the defendant, and as an example to others." *Colo. Jury Instructions, Civil,* Instruction 5:3 (1975 Supp.). Thus, there can be no doubt that exemplary damages do constitute a penalty under Colorado law.

Nor is there doubt that punitive damages are a penalty provided for by statute. A claim for punitive damages in Colorado is exclusively statutory and, therefore, is based on a penal statute. In 1884 the Colorado supreme court determined that punitive damages could not be awarded in a civil case when the conduct which gave rise to the case could also be subject to criminal sanctions. *Murphy v. Hobbs,* 7 Colo. 541, 5 P. 119 (1884). Four years later the supreme court extended the ruling by saying, in *Greeley, S. L. & P. Ry. v. Yeager,* 11 Colo. 345, 18 P. 211 (1888), that exemplary damages could not be awarded in any civil case.[1]

In response to those decisions the Colorado legislature, in 1889, passed the forerunner of 1973 C.R.S. § 13–21–102. The present version reads:

> In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may

award him reasonable exemplary damages.[2]

After the passage of the 1889 law the state courts recognized the statutory basis of exemplary damages. In *Republican Pub. Co. v. Conroy,* 5 Colo.App. 262, 38 P. 923 (1894), the court expressly found that the 1889 statute was the basis for an award of exemplary damages in Colorado. *Accord, French v. Deane,* 19 Colo. 504, 36 P. 609 (1894) and *Courvoisier v. Raymond,* 23 Colo. 113, 47 P. 284 (1896). These and later cases clearly reveal that an award of punitive damages is an award made pursuant to a penal statute. This being the case, the one year limitation period contained in § 13–80–104 should apply.

Plaintiff resists this conclusion by adopting the argument that the limitation statute works only against statutes which contain both a substantive cause of action and a penalty provision for noncompliance. Such an application was made in *Atchison, T. & S. F. R. v. Tanner,* 19 Colo. 559, 36 P. 541 (1894), where appellant was found liable for double the value of cattle it "ran against and over." The relevant statute required railroad companies to take certain action after such an occurrence, and failing to do so, provided for the penalty of double liability.[3]

While the limitation statute has been applied to such self-contained statutes there is nowhere any indication that it is limited to such applications. Indeed, the policies behind statutes of limitations do not support the restricted view propounded by plaintiff. Limitation periods are matters of legislative choice and are enacted for "the purpose of promoting justice, discouraging unnecessary delay and forestalling the prosecution of stale claims." *Klamm Shell v. Berg,* 165 Colo. 540, 441 P.2d 10, 13 (1968). Where the legislature has selected a one

---

1. The court's rationale was that to allow a private party to recover punitive damages was to "usurp the powers of the state in the infliction of punishment."

2. In a case tried to the court by consent of the parties, an award of exemplary damages is proper. *Carlson v. McNeill,* 114 Colo. 78, 162

P.2d 226 (1945); *Calvat v. Franklin,* 90 Colo. 444, 9 P.2d 1061 (1932). Punitive damages are not, however, available for equitable claims. *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967).

3. Compensatory damages were also available, but under other legal theories.

year limitation period for statutes providing for penalties, it is inconsequential whether the penalty is provided for within the statute establishing the underlying cause of action, or in a separate statute which is parasitic to the existence of the underlying cause of action. The legislative intent to penalize and the legislative intent to limit the time within which such penalty actions may be brought remain the same.

■ Additionally, punitive damages, even when brought as dependent upon some underlying cause of action, are only awarded when proof of an actor's conduct exceeds that proof necessary to obtain full compensation for the wrong committed. Exemplary damages are recognized as being unusually harsh on wrongdoers and are intended to serve as an example to the wrongdoer and others that such conduct will not be tolerated by society. The wrongdoer's victim, in the eyes of the law, is fully compensated for his loss by the award of ordinary damages. The victim, again in the eyes of the law, becomes the recipient of a windfall when punitive damages are awarded to the victim alone for an outrage committed against both the victim and society. As noted above, an award of punitive damages rests "upon the right to punish, and not the right of the injured party to compensation for the wrong done." *French v. Deane, supra.* It is well within the prerogative of the legislature to demand prompt action when a plaintiff demands not only personal compensation but societal compensation as well.

This court has ruled in the past that the one year limitation of 1973 C.R.S. § 13–80–104 applies to prayers for punitive damages. *Hixon v. Elanco Prods. Co., supra* ; *Biser v. Adkins,* (unpublished) Civil Action No. 75–F–1096 (D.Colo. Jan. 26, 1977). Plaintiff has presented no persuasive reasons to change that position. We are convinced that had the issue come before the Colorado state courts, their decision would be in harmony with this opinion.

Defendant's motion for partial summary judgment is granted.