150 N.J. Super. 571 (1977)
376 A.2d 221
NORMAN STERN AND ALEXANDER JACK TRAIL, INDIVIDUALLY, AND T/A BRICK CHURCH PIPE SHOP AND BRICK CHURCH PIPE SHOP, INC., PLAINTIFFS,
v.
J.C. ABRAMSON, HERBERT QUITTNER AND EDWIN D. ABRAMSON, INDIVIDUALLY, AND T/A ABRAMSON, QUITTNER AND ABRAMSON, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 6, 1977.
*573 Mr. Richard Silver for plaintiffs.
Mr. David E. Chaffin (Messrs. Bergamino and DeGonge, attorneys) and Mr. John P. Boyle (Messrs. Nudelman and Nudelman, attorneys) for defendants.
MARZULLI, J.S.C.
The issue presented by plaintiffs' motion is whether in an action based upon gross negligence discovery of a defendant's financial condition is permissible. This is an issue of first impression in this State.
As owners of a tobacco store plaintiffs employed defendant certified public accountants to oversee and regularly audit the financial records of the store. During the course of defendants' employ plaintiffs became aware that the store's manager had embezzled funds. Alleging that this activity resulted from defendants' gross negligence in improperly attending to the store's financial records, plaintiffs instituted suit.
Relevancy provides the basis of a pretrial discovery. Discovery may be had of any nonprivileged material relevant to an issue in a pending action. R. 4:10-2(a) In a tort action in which punitive damages is a proper issue for determination by a jury, a defendant's financial condition is relevant. Due to the extreme nature of the imposition of punitive damages, however, it is only such a proper issue in a limited class of cases.
Where a defendant's wrongdoing has resulted from an intentional and deliberate act imbued with the character of outrage, punitive damages may be recovered. Something more than the mere commission of an intentional tort is a necessary prerequisite. Berg v. Reaction Motors Div., 37 N.J. 396, 413 (1962). Only where a defendant has acted in a wilful and wanton manner have the courts found his financial condition relevant and thus a proper subject of discovery.[1] *574 Devoid of such aggravated intentional acts, mere negligence actions do not warrant the recovery of punitive damages. LoRocco v. N.J. Mfrs. Indem. Ins. Co., 82 N.J. Super. 323 (App. Div. 1964); Eatley v. Mayer, 9 N.J. Misc. 918, 154 A. 10 (Cir. Ct. 1931), aff'd 10 N.J. Misc. 219, 158 A. 411 (Sup. Ct. 1932). See also, Greyhound Corp. v. Townsend, 234 Miss. 839, 108 So.2d 208 (Sup. Ct. 1959); Wright v. Everett, 197 Va. 608, 90 S.E.2d 855 (Sup. Ct. 1956). A defendant's financial condition would be irrelevant in such an action and therefore not a proper subject of discovery.
The case at bar involves neither an action premised upon an aggravated intentional tort nor a mere negligent act or omission. It is a suit for gross negligence, which lies somewhere between these two ends of the tort continuum. Plaintiffs argue that defendants' actions were of such gross nature as to allow the jury to assess punitive damages, thereby making relevant and discoverable the defendants' financial condition.
Although gross negligence may approach the realm of an aggravated intentional tort, it fails to reach this nadir. A distinction exists between gross negligence and willful and wanton behavior. Eatley, supra. And even where negligence is so extreme in degree as to be characterized as gross, punitive damages are not recoverable. Eatley, supra. See also Milwaukee and St. Paul Ry. Co. v. Arms, 91 U.S. 489, 23 L.Ed. 374 (1875); Hicks v. McCandlish, 221 S.C. 410, 70 S.E.2d 629 (Sup. Ct. 1952). To recover punitive damages, a plaintiff must prove malice or willful and wanton conduct. Weir v. McEwan, 94 N.J.L. 92 (Sup. Ct. 1920); Gierman v. Toman, 77 N.J. Super. 18 (Law Div. 1962). Malice is the intentional doing of a wrongful act without justification or excuse. Longo v. Reilly, 35 N.J. Super. 405 (App. Div. *575 1955); Newark Hardware, etc., Supply Co. v. Stove Manufacturers Corp., 136 N.J.L. 401 (Sup. Ct. 1948), aff'd 137 N.J.L. 612 (E. & A. 1948); Louis Kamm, Inc. v. Flink, 113 N.J.L. 582 (E. & A. 1934). Willfulness and wantonness is the deliberate act or omission with the knowledge of a substantial degree of probability of injury and reckless indifference to possible consequences. Berg, supra at 414. See King v. Patrylow, 15 N.J. Super. 429, 433 (App. Div. 1951). Plaintiffs do not allege such conduct. Therefore, as the court stated in Eatley, supra:
Gross negligence does not support a charge for punitive damages, while a charge of willful and wanton disregard does support such a charge. [9 N.J. Misc. at 919]
This court is in accord with the decision in Gierman, supra, that prima facie proof of the legal right to recover punitive damages is a prerequisite to the discovery of a defendant's financial condition. In a gross negligence action, such as the case at bar, no such legal right exists. Discovery was permitted in Gierman, but that case involved an aggravated intentional tort action for malicious prosecution, thus falling into that limited class of cases in which the law allows the recovery of punitive damages.
This court holds that in an action for gross negligence punitive damages are not recoverable, and thus the pretrial discovery of a defendant's financial condition is irrelevant and not within the ambit of R. 4:10-2(a).
Plaintiffs' motion to compel discovery is hereby denied.
NOTES
[1] Coy v. Superior Court of Contra Costa Cty., 58 Cal.2d 210, 23 Cal. Rptr. 393, 373 P.2d 457 (Sup. Ct. 1962) (abuse of process); State ex rel. Thesman v. Dooley, 270 Or. 37, 526 P.2d 563 (Sup. Ct. 1974) (fraud and deceit); Thoresen v. Superior Court of Maricopa Cty., 11 Ariz. App. 62, 461 P.2d 706 (Ct. App. 1969) (assault and battery); Lewis v. Moody, 195 So.2d 260 (Fla. D. Ct. App. 1967) (assault); Klauber v. S.K.E. Operating Co., 163 Misc. 418, 295 N.Y.S. 701 (Sup. Ct. 1937) (invasion of privacy).