John D. LEIDHOLT, Petitioner,

v.

The DISTRICT COURT IN AND FOR the CITY AND COUNTY OF DENVER and the Honorable James C. Flanigan, Respondents.

No. 80SA330.

Supreme Court of Colorado.

Nov. 24, 1980.

Johnson & Mahoney, P. C., Roger F. Johnson, Denver, for petitioner.

Plaut & Lipstein, Professional Corporation, Frank Plaut, John D. Beckman, Lakewood, for respondents.

ERICKSON, Justice.

In this original proceeding, the defendant seeks to prohibit the district court from enforcing an order that he disclose his assets, income, and net worth in a medical malpractice action where the plaintiff has asserted a claim for punitive damages. We issued a rule to show cause. We now make that rule absolute and remand to the district court with directions.

Pursuant to C.R.C.P. 33, the plaintiff addressed the following interrogatories to the defendant:

"26. List specifically and in detail, for each year beginning January 1, 1975 and continuing to date, your gross income as shown on your federal income tax return, and identify the amount of your income

in each year which constitute compensation from your practice as a physician and surgeon.

"27. List, specifically and in detail, your assets, liabilities and net worth, both as of August 30, 1976 and as of the present date."

The defendant filed a motion for a protective order which was denied, and the trial court ordered the defendant to answer the interrogatories. The interrogatories are predicated on the complaint which asserts a claim for punitive damages. The complaint charged that the defendant, in performing a laminectomy on the plaintiff, failed to remove a surgical sponge from the surgery site. The claim for punitive damages centers on the alleged failure of the defendant to notify the plaintiff of the presence of the sponge after the surgery was completed and the presence of the sponge was discovered in post–operative x–rays.

 It is too plain for cavil that the interrogatories in issue would not be relevant if punitive damages were not in issue. It has long been established as a principle of tort law that in suits involving the assessment of compensatory damages, evidence of a defendant's financial status is inadmissible. *See Barnes v. Sand Mountain Electric Co–op*, 40 Ala.App. 88, 108 So.2d 378 (1958); *Packard v. Moore*, 9 Cal.2d 571, 71 P.2d 922 (1937); *Baggett v. Davis*, 124 Fla. 701, 169 So. 372 (1936); *Laidlaw v. Sage*, 158 N.Y. 73, 52 N.E. 679 (1899); 1 *Jones on Evidence*, §§ 4.48, 49 (6th ed. 1972). However, in determining whether punitive damages should be awarded to a plaintiff, the financial condition of the defendant is a proper factor to be considered. *Miller v. Carnation Company*, 39 Colo.App. 1, 564 P.2d 127 (1977); *McAllister v. McAllister*, 72 Colo. 28, 209 P. 788 (1922); *Cour-*

*voisier v. Raymond*, 23 Colo. 113, 47 P. 284 (1896). The purpose of punitive damages is not to compensate an injured plaintiff, but to punish the defendant and to deter others from similar conduct in the future.[1] *See Beebe v. Pierce*, 185 Colo. 34, 521 P.2d 1263 (1974). Therefore, in determining the amount which should be awarded as punitive damages, the severity of the defendant's wrong, as well as the extent of the defendant's assets, must be considered to ensure that the award will punish the defendant. *See* Note, *The Use of Evidence of Wealth in Assessing Punitive Damages in New York; Rupert v. Sellers*, 44 Albany L.Rev. 422 (1980).

C.R.C.P. 26(b)(1) permits broad discovery and provides:

"Parties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

*See also, Lucas v. District Court*, 140 Colo. 510, 345 P.2d 1064 (1959).

 Because this rule permits broad discovery, it has often been interpreted to mean that more is better. However, disproportionate discovery may increase the cost of litigation, harass the opponent, and tend to delay a fair and just determination of the legal issues. We have utilized a balancing test to resolve other discovery issues, and believe that such a test is appropriate in this case. *Curtis, Inc. v. District Court*, 186 Colo. 226, 526 P.2d 1335 (1974). The need for discovery must be balanced by weighing the defendant's right to privacy and protection from harassment by an intrusion into his financial affairs, against the

---

1. In Colorado, a claim for punitive damages must be predicated upon section 13–21–102, C.R.S.1973, which provides: "In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of

the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages." *See also, Sherwood v. Graco, Inc.*, 427 F.Supp. 155 (D.Colo.1977); *Carlson v. McNeill*, 114 Colo. 78, 162 P.2d 226 (1945); *C.R.C.P. 101(d)*.

plaintiff's right to discover information which is relevant to a claim for punitive damages. *See Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972); *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970); *Cobb v. Superior Court*, 99 Cal.App.3d 543, 160 Cal.Rptr. 561 (1979). *Compare United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953), dealing with disclosure of privileged material. Consequently, the mere allegation that a plaintiff is entitled to punitive damages will not support an order for discovery of a defendant's financial condition.[2]

▮ Procedurally, the question is in what manner and at what stage of the proceedings should evidence of a defendant's financial worth be discoverable? We hold that *prima facie* proof of a triable issue on liability for punitive damages is necessary to discover information relating to the defendant's financial status.[3] The trial judge should grant the plaintiff some leeway in establishing his *prima facie* case. The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof. This procedure protects the defendant from an unwarranted invasion of privacy and harassment where the plaintiff has merely asserted a claim for punitive damages. It also comports with the broad right of discovery granted by C.R.C.P. 26(b)(1), and adequately promotes the goals of deterrence and punishment that an award of punitive damages seeks to accomplish. *Cobb v. Superior Court, supra; Gierman v. Toman*, 77 N.J.Super. 18, 185 A.2d 241 (1962). *See also, Stern v. Abramson*, 150 N.J.Super. 571, 376 A.2d 221 (1977); *Belinski v. Goodman*, 139 N.J.Super. 351, 354 A.2d 92 (1976).

▮ The discovery issue may be presented to the court, as it was in this case, when interrogatories are submitted by the plaintiff pursuant to C.R.C.P. 33 and the defendant responds with a motion for a protective order. C.R.C.P. 26(c)(1). Alternatively, the issue may be raised at a discovery hearing, or at a pretrial conference. C.R.C.P. 16. Generally, the burden is cast upon the party who seeks a protective order to show annoyance, embarrassment or oppression. However, we hold that the nature of discovery of financial information of a litigant requires a broader basis for protection. .Thus, when punitive damages are in issue and information is sought by the plaintiff relating to the defendant's financial condition, justice requires no less than the imposition on the plaintiff of the burden of establishing a *prima facie* right to punitive damages.

Rules 26 to 37, C.R.C.P., must be construed together along with the requirement which we now impose as a condition precedent to the plaintiff's right to discovery of financial information. Following discovery of the facts relating to the liability issues and the claim for punitive damages, the trial judge can determine whether the plaintiff has developed a factual foundation and has established a *prima facie* case of liability for punitive damages.

▮ The extent of discovery, however, even after a *prima facie* case is made, is not unlimited. Specific questions requesting detailed information regarding the defendant's financial status may constitute unnecessary harassment. *Cobb v. Superior Court, supra; Gierman v. Toman, supra.* Consequently, the permissible scope of discovery should include only material evidence of the defendant's financial worth, and should be

2. We reject the procedure which requires a bifurcated trial when punitive damages are sought. In that procedure, evidence of a defendant's financial worth cannot be brought out until the jury has returned a special verdict that the plaintiff is entitled to punitive damages. *See Rupert v. Sellers*, 48 A.D.2d 265, 368 N.Y.S.2d 904 (1975); Note, *The Use of Evidence of Wealth in Assessing Punitive Damages in New York; Rupert v. Sellers*, 44 Albany

L.Rev. 422 (1980); Zeisel and Callahan, *Split Trials and Time Savings: A Statistical Analysis*, 76 Harv.L.Rev. 1606 (1963).

3. The existence of a triable issue on liability for punitive damages is established by a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.

framed in such a manner that the questions proposed are not unduly burdensome.

Accordingly, the rule to show cause is made absolute, and the case is remanded for further proceedings not inconsistent with the directions contained in this opinion.

LEE, DUBOFSKY and LOHR, JJ., dissent.

LOHR, Justice, dissenting:

The majority holds that, where punitive damages are sought to be recovered from a defendant, discovery with respect to that defendant's financial worth must be deferred until the plaintiff establishes a *prima facie* case of entitlement to such damages. I respectfully dissent.

I share the concerns expressed by the majority that discovery is sometimes unnecessarily burdensome and costly and can be used as an instrument for harassment. On the other hand, the procedure mandated by the majority will slow the progress of the case, require two sets of interrogatories or depositions instead of one in some cases, and defer the discovery of financial information which may be relevant to settlement. The determination of whether the plaintiff has established a *prima facie* case will introduce a mini–trial into the pretrial procedure. A determination that no *prima facie* case has been established would preclude discovery of financial information. In the event that a *prima facie* case were later established at trial, the plaintiff would be irreparably disadvantaged in presentation of her case for punitive damages.

In the past we have rejected the argument that a *prima facie* case must be established before allowing extensive discovery of business and financial information by production of documents under Rule 34, C.R.C.P., in an action for wrongful appropriation of a trade secret. We said "[t]his requirement is not imposed by Rule 34 and contradicts the broader policy of the rules that all conflicts should be resolved in favor of discovery.... Any burden that exists should be placed on those opposing discovery." *Curtis, Inc. v. District Court*, 186 Colo. 226, 233, 526 P.2d 1335, 1338 (1974). Other states have rejected the argument that a *prima facie* case of liability for punitive damages must precede discovery of a defendant's financial condition. *State ex rel. Thesman v. Dooley*, 270 Or. 37, 526 P.2d 563 (1974); *Hughes v. Groves*, 47 F.R.D. 52 (W.D.Mo.1969).

A trial court has broad discretion to issue protective orders to address the very concerns which prompt the majority to prohibit discovery of financial information before a *prima facie* case of liability for punitive damages has been established. C.R.C.P. 26(c) provides in relevant part:

"(c) *Protective Orders.* Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) That the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

Under this authority a trial court can devise procedures appropriate to each individual

case to limit the extent and timing of discovery and prevent dissemination of confidential or embarrassing information. *See also* Rule 30(d), C.R.C.P., permitting termination or limitation of the scope and manner of taking a deposition "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party . . . ." In my view, utilization of the authority of the trial courts to issue protective orders under our rules of civil procedure will best enable the appropriate balance to be struck between a party's interest in confidentiality and freedom from unnecessarily burdensome discovery, and the interest of the opposing party in obtaining discovery of relevant information.

Should a trial court abuse its discretion in granting or denying protective orders, we can review the matter in advance of trial to ensure full observance of the rules of civil procedure, if the damage to the petitioner could not be cured by appeal from the final judgment. *Chicago Cutlery Co. v. District Court*, 194 Colo. 10, 568 P.2d 464 (1977); *Curtis, Inc. v. District Court, supra.* In appropriate cases where no adequate remedy exists we can review the trial court's action on applications for protective orders even where error could be corrected on appeal. *Cameron v. District Court*, 193 Colo. 286, 565 P.2d 925 (1977). Utilization of the extensive and flexible authority of the trial courts under Rule 26(c), C.R.C.P., with appellate review as appropriate, is consistent with the principles which underlie the discovery rules. We have stated those principles to be that the rules should be construed liberally to effectuate their truth seeking purpose, that in close cases the balance must be struck in favor of allowing discovery, and that the party opposing discovery bears the burden of showing good cause that he is entitled to a protective order. *See id.*

Under the rules, the burden to show good cause for a protective order is upon the party seeking such an order. Rule 26(c), C.R.C.P. This is entirely appropriate with respect to discovery of financial information as well as information of other types.

It is the person from whom discovery is sought who is in the best position to know and establish that protective provisions are appropriate because the information sought is confidential, embarrassing, unduly burdensome or expensive to produce, or otherwise deserving of protection.

While we have recognized broad discretion in the trial courts to resolve discovery disputes, *e. g., Chicago Cutlery Co. v. District Court, supra,* our cases reflect neither insensitivity to those legitimate interests for which protective orders are authorized nor unwillingness to review abuses of discretion by a trial court and to fashion orders to provide appropriate protection. *See Cameron v. District Court, supra; Curtis, Inc. v. District Court, supra.*

In the instant case the trial court granted discovery of the requested financial information but required that the information be kept confidential by counsel for the plaintiff. Disclosure to the plaintiff herself was prohibited. In my opinion, this order recognized and gave weight to the competing interests of the parties and struck a balance of those interests at a point within the range of the trial court's discretion.

The financial information required by the interrogatories consisted of gross income, income from medical practice, assets, liabilities, and net worth. I agree with the majority that there are limits to the degree of financial detail appropriate for discovery relevant to a claim for punitive damages. However, in the absence of a showing that the information requested would be sensitive, or extensive and burdensome to produce, because of the defendant's own business and financial situation, I cannot conclude that the requested information exceeds appropriate limits.

I would discharge the rule.

LEE and DUBOFSKY, JJ., join me in this dissent.