25CA0018 Fast v Sotelo 11-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0018
El Paso County District Court No. 23CV31473
Honorable David A. Gilbert, Judge

Christina Fast,

Plaintiff-Appellee,

v.

Javier Sotelo,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 20, 2025

Linden Kominek, P.C., Mary Kominek Linden, Colorado Springs, Colorado, for Plaintiff-Appellee

Todd Collins & Associates, LLC, Todd Collins, Marc B. Tull, Elizabeth, Colorado, for Defendant-Appellant

¶ 1     In this civil action for damages related to a domestic violence dispute, defendant, Javier Sotelo, appeals the trial court's judgment in favor of plaintiff, Christina Fast.  We affirm.

## I.     Background

¶ 2     Fast and Sotelo had been partners for ten years when Sotelo accused Fast of infidelity and assaulted her.  Sotelo later pled guilty to third degree assault.  In the civil lawsuit at issue in this appeal, Fast sued Sotelo for negligence and battery, and Sotelo filed multiple counterclaims.  After the deadline in the case management order for amending the pleadings had passed, Fast filed a motion for leave to amend her complaint to add a claim for exemplary damages under section 13-21-102(1.5)(a), C.R.S. 2025.  Over Sotelo's objection, the trial court granted the motion.  Fast then filed an amended complaint seeking exemplary damages.

¶ 3     The case proceeded to trial, where the jury found Sotelo liable for battery and awarded Fast $312,000 in noneconomic damages, $38,000 in economic damages, and $400,000 in punitive damages.[1]

---

[1] Fast dismissed her negligence claim before trial.  Neither it nor Sotelo's counterclaims, which were either dismissed, resolved by directed verdict, or denied by the jury, are at issue in this appeal.

¶ 4     Sotelo filed a motion for post-trial relief pursuant to C.R.C.P. 59, asking the court, in part, to reduce the amount of exemplary damages.  The trial court denied the motion and entered judgment against him.

¶ 5     Sotelo appeals the court's entry of judgment and the denial of his motion for post-trial relief.  He argues that the trial court erred by granting Fast's motion to amend her complaint and denying his motion to reduce exemplary damages.  He further argues that cumulative irregularities in the proceedings led to an unfair trial and excessive jury verdict.  We reject Sotelo's arguments and affirm.

## II.     Discussion

¶ 6     In a series of numbered contentions structured more like a complaint than an opening brief, Sotelo raises three distinct arguments on appeal.  But none of them are supported by meaningful analysis or relevant authority.  While we briefly summarize Sotelo's contentions, we reject them as insufficiently raised to warrant our review.  *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC,* 2020 COA 34, ¶ 44 (rejecting appellate issues presented without any coherent, developed argument).

¶ 7    First, Sotelo argues that the court abused its discretion by granting Fast's motion to amend her complaint because Fast filed her motion past the deadline set by the case management order, offered no justification for the late filing, and prejudiced him as a result.  But while he summarizes cases that found no abuse of discretion in a court's decision to *deny* a motion to amend, he provides no authority to suggest that granting a motion to amend under these circumstances constitutes an abuse of discretion. Worse, Sotelo misrepresents the record — arguing that Fast based her motion to amend on a need to rely on Sotelo's deposition testimony but then failed to rely on that testimony.  In fact, Fast cited the "trove of testimony" Sotelo provided in his deposition as support for her exemplary damages claim.[2]

¶ 8    Relatedly, Sotelo argues that he was unable to develop meaningful defenses to Fast's exemplary damages claim, but, critically, he does not specify what those defenses might have been or how he was otherwise prejudiced.  It is not our job to develop Sotelo's arguments for him.  *See Gravina Siding & Windows Co. v.*

_____

[2] As he admits in his reply brief, Sotelo also misrepresented Fast's closing argument in his opening brief.

3

*Gravina*, 2022 COA 50, ¶ 71.  Because this issue lacks any meaningful analysis, we do not address it further.

¶ 9    Second, Sotelo asserts that the trial court erred by denying his C.R.C.P. 59 motion to reduce exemplary damages because there was no evidence they were necessary to deter him from future misconduct and the court failed to consider the required factors. But as Sotelo recognizes, exemplary damages serve not only to punish the defendant but also "to deter others from similar conduct in the future."  *Leidholt v. Dist. Ct.*, 619 P.2d 768, 770 (Colo. 1980). Sotelo's position on appeal is nothing more than a rehashing of the arguments he made before the trial court and a request that we reach a different conclusion.  Because he provides no argument as to why the court's decision not to reduce damages constitutes an abuse of discretion, we do not consider this issue further.

¶ 10    Sotelo also appears to argue that section 13-21-102(2) somehow requires a court to make findings regarding specific factors and to reduce a damages award when those factors are met. Not so.  Instead, that statute provides that "the court *may* reduce or disallow the award of exemplary damages to the extent" certain circumstances exist.  § 13-21-102(2) (emphasis added); *see also In*

4

*re Marriage of Zander*, 2021 CO 12, ¶ 17 (we give the words in a statute their ordinary and natural meanings).  In other words, the court has discretion to decrease damages, *see Hensley v. Tri-QSI Denv. Corp.*, 98 P.3d 965, 968 (Colo. App. 2004), but it is not required to do so.  Once again, Sotelo provides no authority to support his argument that the court abused its discretion by declining to reduce damages in this case.  While he argues that the court erred by incorporating Fast's response to his motion to reduce damages in its decision denying the motion, he does not address the substance of that response or explain how the court erred by relying on it.  We therefore reject this argument.  *See Woodbridge Condo. Ass'n*, ¶ 44.

¶ 11    Third, Sotelo points to multiple evidentiary rulings and trial management decisions as bases for reversal.  While he acknowledges that each of these assertions of error was harmless when viewed individually, he argues that, in the aggregate, they constituted cumulative error.  For a third time, Sotelo fails to identify any relevant authority to support his position.  Perhaps this is because the doctrine of cumulative error "has not been extended

to civil cases." *Scott R. Larson, P.C. v. Grinnan*, 2017 COA 85, ¶ 79 (citation omitted).

¶ 12    Finally, Sotelo requests an award of costs pursuant to C.A.R. 39. We deny that request.

## III.    Disposition

¶ 13    The judgment is affirmed.

JUDGE FREYRE and JUDGE YUN concur.